STATE of Iowa, Plaintiff–Appellant,

v.

William C. SCHATZ,
Defendant-Appellee.

No. 86–1000.

Court of Appeals of Iowa.

Aug. 26, 1987.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and David J. Welu, Asst. Co. Atty., for plaintiff-appellant.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

The State of Iowa appeals from the order granting a new trial to the defendant in a prosecution for second-degree sexual abuse, asserting that undisclosed exculpatory evidence was not material in a manner warranting a new trial. We reverse.

On January 22, 1986, the defendant, William C. Schatz, was charged by Dallas County Attorney's information with sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3 (1985). The information alleged that Schatz sexually abused a child under the age of twelve. The jury found Schatz guilty as charged. At trial Schatz attempted to show that a rectal injury of the child-victim was caused by an accident involving a bicycle seat post rather than sexual abuse. Dr. Stanley Haag, the examining physician, testified, however, that the child's injuries were consistent with sexual abuse and were not consistent with an injury caused by a bicycle seat post. Dr. Haag's opinion was based upon his medical examination of the child and medical history provided by the child's mother.

Prior to trial, Schatz made a request for any exculpatory evidence in the possession of the State. This request was not ruled on by the trial court; however, the State provided Schatz the entire medical report of Dr. Haag and his evaluation of the injury. After trial defense counsel discovered in the State's file a report written by Dr. Haag's assisting nurse, which was prepared for the Child Protective Investigation Unit. The report stated, in pertinent part:

NATURE AND EXTENT OF INJURIES, SUSPECTED ABUSE OR MALTREATMENT: Consistent with but not diagnostic of rectal penetration with adult male—Rectal fissure—bruising around Rectum [and] butt[ocks]

WHAT IS REPORTED TO HAVE HAPPENED AND WHERE: [Defendant] locked his 4 children [and] Robbie['s] sister—Becky in upstairs bedroom then sodomized Robbie while his oldest sis. observed.

Schatz claimed in his Amendment to Motion for New Trial that the State's failure to provide him with this report violated his right to receive all material, exculpatory evidence from the State. The trial court agreed and found that Schatz's right to due process was violated by not having the report available for cross-examination of Dr. Haag.

■ Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Trial courts have discretion in granting or denying new trials based on fair trial considerations. *State v. LaDouceur*, 366 N.W.2d 174, 178 (Iowa 1985). We will therefore reverse a trial court's ruling granting a new trial only on a showing of an abuse of discretion, i.e., that such ruling was clearly unreasonable on grounds clearly untenable. *State v. Halstead*, 362 N.W.2d 504, 506 (Iowa 1985).

■ In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963), the United States Supreme Court held that it is a violation of due process for the prosecution to suppress evidence favorable to the accused if that evidence is material to guilt or punishment, irrespective of good faith. This rule applies in three different situations: (1) where evidence is discovered after trial that the prosecution's case included perjured testimony, of which the prosecution was aware or should have been aware, (2) where the prosecution fails to comply with the accused's request for specific evidence, and (3) where the prosecution fails to comply with the accused's general request for "Brady" material. *State v. Todden*, 364 N.W.2d 195, 198 (Iowa 1985), *citing United States v. Agurs*, 427 U.S. 97, 103–07, 96 S.Ct. 2392, 2397–99, 49 L.Ed.2d 342, 349–52 (1976). If perjured testimony is used by the prosecution, under the *Agurs* standards, "a conviction must be set aside if there is any reasonable likelihood that the false testimony would have affected the judgment of the jury." *Agurs*, 427 U.S. at 103, 96 S.C. at 2397, 49 L.Ed.2d at 349–50. If a specific request is made for favorable evidence, a new trial will be required if the favorable evidence might have affected the outcome of the trial. *Id.* at 104, 96 S.Ct. at 2398, 49 L.Ed.2d at 350. If a general request or no request is made for exculpatory evidence a new trial will be required if the evidence creates a reasonable doubt that would not otherwise exist. *Hamann v. State*, 324 N.W.2d 906, 915 (Iowa 1982).

More recently, however, in *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481, 494 (1985), the United States Supreme Court rejected the three-part standard of *Agurs* and adopted a different standard of materiality:

[Suppressed] evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

Therefore, under the *Bagley* test, three criteria must be met before a new trial will be granted: (1) the evidence must have been withheld from the defendant; (2) the evidence must be favorable to the defendant; (3) the evidence must be such that there is a reasonable probability its disclosure would have changed the outcome.

Applying the standard set forth in *Bagley*, we believe the trial court erred in granting the defendant's motion for new trial.

The trial court in the present case found that there was no intent to withhold exculpatory information. The prosecutor testified that he had twice provided the defendant with an open file and that he and the defendant's counsel had discussed on the telephone that Dr. Haag's report did not indicate that his examination of the victim was diagnostic, but was consistent with sexual abuse by an adult male. The defendant's counsel stated that he could not remember whether the State ever opened up the files for his inspection. The trial court thus determined that for whatever reason, the defendant's counsel was not aware of the report in question until after the trial.

We find that the trial court erred in its analysis. Though the trial court found that the State had no intent to suppress the nurse's report, the trial court treated the report as being withheld by the State. All the trial court found, however, was that defense counsel had not seen the report before trial. If defense counsel had been offered complete access to the State's files, even though he did not notice the report, the evidence was not withheld for purposes of due process. *See Todden*, 364 N.W.2d at 199.

Regarding the second requirement under *Bagley*, the State concedes that the disputed evidence in the present case was possibly favorable to the defendant. The nurse's report filed with the Child Protective Unit may be considered as a prior inconsistent statement and therefore would be impeachment testimony. In *Bagley*, the United States Supreme Court noted that impeachment evidence is "evidence favorable to the accused" within the meaning of the principles set forth in *Brady*. 473 U.S. at 676–77, 105 S.Ct. at 3380–81, 87 L.Ed.2d at 490–91. Thus, a prior inconsistent statement may be considered to be evidence favorable to the defendant.

Concerning the third factor under the *Bagley* test, the evidence must be such that there is a reasonable probability that the outcome of the trial would have been different had the evidence been disclosed. In *Hamann*, the Iowa Supreme Court set forth the following standard:

It is true that when evidence affecting the credibility of a principal prosecution witness is falsified or suppressed, materiality is frequently found. [citations omitted] But when the witness's testimony is not crucial to the State's case, or the falsified or suppressed evidence is unlikely to impact significantly on the witness's credibility, a finding of materiality is less likely. [citations omitted]

324 N.W.2d at 916. We find that in the present case the nurse's report was unlikely to have had a significant impact on Dr. Haag's testimony and that the outcome of the trial would not have been different.

The record reveals that Dr. Haag quite strongly testified that the injuries the victim suffered were "consistent" with sexual abuse. At trial, defense counsel interpreted Dr. Haag's testimony as indicating that the injuries suffered by the victim may have happened otherwise, and defense counsel additionally noted that Dr. Haag's opinion was based in part on the victim's medical history given by the victim's mother. Therefore, any prior statement in the nurse's report to the Child Protective Unit that may or may not be attributable to Dr. Haag concerning the victim's injuries being "consistent with, but not diagnostic of" sexual abuse, is neither inconsistent with Dr. Haag's testimony at trial nor contrary to defense counsel's understanding of Dr. Haag's testimony and not exculpatory.

Moreover, as an alleged prior inconsistent statement, the nurse's report was admissible only for impeachment purposes. In *State v. Allen*, 348 N.W.2d 243, 246 (Iowa 1984), the Iowa Supreme Court held that impeachment evidence is not as potentially damaging as substantive evidence. The prior inconsistent statement must have been material to the issues in the case and not merely impeaching. 348 N.W.2d at 246. Additionally, the record reveals that regardless of Dr. Haag's inability to find the physical examination alone diagnostic of sexual abuse, Dr. Haag's tes-

timony clearly revealed that the injuries to the victim were not caused by a bicycle seat post. Thus, the fact the possibility existed that the injuries occurred through other means would not have impeached Dr. Haag's opinion that a bicycle seat post did not cause the victim's injuries.

For these reasons, we hold that the trial court erred in finding that the nurse's report was material and therefore would have created a reasonable probability that the outcome of defendant's trial would have been different.

REVERSED.