STATE of Iowa, Plaintiff–Appellant,

v.

Larry Lawrence LUNCSFORD, Defendant–Appellee.

No. 87–784.

Court of Appeals of Iowa.

June 29, 1988.

Scott D. Rosenberg, Asst. Polk Co. Atty., and Roxann Ryan, Asst. Atty. Gen., for plaintiff-appellant.

Robert A. Nading II, Ankeny, for defendant-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

The sole issue is whether the trial court abused its discretion in granting a new trial. The State inadvertently failed to deliver to defendant a police report containing prior inconsistent statements made by the victim in a sex abuse case. The State had agreed to deliver all material and it was admitted the police report had not been given to defendant.

The victim contended she was sexually abused by defendant and another man after she accepted a ride home with them after they picked her up at Tenth and Grand in Des Moines. The victim testified in pretrial deposition she did not know defendant and his friend but she may have seen them before.

The evidence in the police report was the victim first stated she had been picked up at S.E. Sixth & Des Moines Streets. The report also states the victim admitted lying about the place of pick up. The victim's testimony was contradictory in other areas. There was some evidence she knew defendant and may have met him earlier.

The defendant admitted picking up the victim at Tenth and Grand but denied abusing her. Defendant's friend admitted being with defendant when the victim was picked up. He testified he had intercourse with the victim and that it was not forced but was a voluntary act.

The State argues we must examine the issue under the standard for review delineated in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and the defendant must bear the burden of proving had the information been available to defendant the jury probably would have reached a different result. In support of its position the State cites *United States v. Peltier*, 800 F.2d 772, 779–80 (8th Cir.1986), and *State v. Anderson*, 410 N.W.2d 231, 234 (Iowa 1987). We need not, however, determine these issues.

In granting a new trial the trial court has discretion based on fair trial considerations. *State v. LaDouceur*, 366 N.W.2d 174, 178 (Iowa 1985). Ordinarily a motion for a new trial is directed to the sound discretion of the trial court, and on appeal from an order entered by the trial court in the exercise of discretion the presumption is that the trial court properly exercised its discretion. *Id.*

The police report that was withheld contained evidence that would impeach a portion of the victim's testimony, including an admission by the victim herself that she had not been truthful in earlier testimony. Defendant's conviction hinged almost entirely on the victim's testimony.

The trial court did not abuse its discretion.

AFFIRMED.