**STATE of Iowa, Appellee,**

v.

**Eli JORDEN, Appellant.**

No. 89–561.

Court of Appeals of Iowa.

Aug. 30, 1990.

Robert J. Kromminga, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James A. Smith, County Atty., and Joseph P. Weeg, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

A jury found Eli Jorden guilty of possession of cocaine with intent to deliver. At the sentencing hearing, the district court chose a sentence of incarceration rather than probation. The court also provided that the ordinary prison sentence for a class C felony, imprisonment for a term not to exceed ten years, would be enhanced threefold under Iowa Code section 204.411 because of Jorden's two prior drug convictions. Accordingly, the court sentenced Jorden to imprisonment for a term not to exceed thirty years. The court also provided that this sentence would be served consecutively to another prison sentence on an unrelated charge.

Jorden moved for a new trial based upon the prosecution's alleged failure to disclose exculpatory evidence. Defense counsel stated he and Jorden decided not to call defendant or his girlfriend after learning of a newly proposed rebuttal witness from the prosecutor. At the new trial hearing, defense counsel alleged the prosecutor had failed to disclose the full extent of the exculpatory information this witness might have provided and had failed to reveal the identity of the witness upon request. Further, defense counsel contended he would have changed his trial strategy had he known the rebuttal witness would not be testifying. The trial court denied Jorden's motion for a new trial.

Jorden appeals from his conviction and sentence. He first contends the sentencing court erred by failing to state on the record adequate reasons for choosing the particular sentence. Jorden also argues he was denied his right of allocution under Iowa Rule of Criminal Procedure 22(3)(d) because neither he nor his attorney was allowed to address the court requesting mitigation of punishment.

Secondly, Jorden contends he is entitled to a new trial because the prosecutor committed misconduct by failing to disclose exculpatory evidence. The alleged exculpatory evidence was testimony by a prospective rebuttal witness; this witness would have given certain testimony adverse to Jorden, but the witness was also prepared

to speculate that certain seized drugs belonged to Jorden's girlfriend rather than to Jorden.

■ I. SENTENCING. Iowa Rule of Criminal Procedure 22(3)(d) requires that the sentencing court "state on the record its reason for selecting the particular sentence" imposed. The "record" for purposes of criminal appeals consists of "[t]he original papers and exhibits filed in the trial court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries...." Iowa R.App.P. 10(a).

Jorden contends the trial court erred by not stating why it had chosen the maximum sentencing option available or why it ordered the sentence to be served consecutively with the sentence Jorden was then serving. Jorden likens the present record to the record in *State v. Cooper*, 403 N.W.2d 800 (Iowa App.1987). In *Cooper*, we concluded we were unable to determine whether the sentencing court had abused its discretion because the record was insufficient for purposes of review; no transcript was made of the sentencing hearing and the sentencing order stated only, "[t]he Court has reviewed the circumstances of the offense, and the defendant's prior background [sic] ..." *Id.* at 802.

We do not agree that the record in this case prevents review of the exercise of the trial court's sentencing discretion. Unlike the situation in *Cooper*, a transcript of the sentencing hearing was made. At Jorden's sentencing hearing, the court indicated that it had examined and considered the presentence report. The court emphasized to defendant that the accuracy of the report was important because "the Court does consider those presentence reports in making a consideration of what the sentence should be." Both Jorden and his counsel indicated that there were no corrections to make in the presentence report.

We, too, have reviewed defendant's presentence report. The report indicates a rather extensive criminal history and provides ample support for the sentence chosen by the trial court.

The court requested that the State's attorney give his recommendation regarding the sentencing. The State's attorney responded, "The State would like to say that we are requesting the maximum sentence, which is 30 years.... we're requesting that time because of defendant's prior records." The court agreed:

It's the judgment of this Court that you be adjudged guilty of possession of a controlled substance with intent to deliver in violation of Section 4—204.401(1) of the Code, and this sentence is **going to be enhanced** to 30 years pursuant to Section 204.411 **because the defendant's been convicted of two prior offenses** as defined in 204.411(2).

\* \* \* \* \* \*

Granting of probation in this case is denied because it's unwarranted **in order to protect the public from further criminal activity** by the defendant.

\* \* \* \* \* \*

Sentence in this matter is also imposed to be served consecutively to sentence that defendant is presently serving in Polk County Number 37443. **Consecutive sentence was determined to be an appropriate sentence in this case because of the defendant's extensive prior criminal history.**

\* \* \* \* \* \*

(emphasis added). The trial court again emphasized Jorden's prior criminal history in its judgment entry.

In *State v. Johnson*, 445 N.W.2d 337 (Iowa 1989), our supreme court concluded a statement of reasons may be sufficient, "even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *Id.* at 343. Here, we conclude the parts of the record mentioned form a sufficient basis upon which to review the exercise of the trial court's sentencing discretion. We also conclude the trial court adequately stated its reasons for its overall sentencing plan. No abuse of the court's discretion or violation of rule 22(3)(d) appears here.

■ Jorden claims he was not allowed to address the court at his sentencing, denying him the right to allocution.

Rule 22(3)(d) allows defendant or defendant's counsel to address the court "where either wishes to make a statement in mitigation of punishment" prior to the imposition of sentence. This court recently examined rule 22(3)(d), in *State v. Glenn*, 431 N.W.2d 193 (Iowa App.1988). There we noted, "The important thing is whether defendant had his chance to point out any reason for withholding judgment." *Id.* at 195 *(quoting State v. Patterson*, 161 N.W.2d 736, 736 (Iowa 1968)). The court need not use any particular language to satisfy rule 22(3)(d), *Glenn*, 431 N.W.2d at 194; "as long as the court provides defendant with an opportunity to speak regarding his punishment, the court is in compliance with the law." *Id.*

At the sentencing hearing, as indicated previously, the judge asked for and received the State's recommendation of a maximum sentence because of defendant's extensive criminal history. The judge and defendant engaged in a question and answer colloquy concerning Jorden's opportunity to review and ability to understand the presentence report. Additionally, the judge asked both the defendant and the State if there was any reason why sentence should not be pronounced. We conclude the defendant was given ample opportunity to volunteer any information helpful to his cause. We find no violation of rule 22(3)(d).

■ II. MOTION FOR NEW TRIAL. Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Trial courts have discretion in granting or denying new trials based on fair trial considerations. *State v. LaDouceur*, 366 N.W.2d 174, 178 (Iowa 1985). We will reverse a trial court's ruling denying a new trial only on a showing of abuse of discretion. *State v. Schatz*, 414 N.W.2d 840, 841 (Iowa App. 1987) *(citing State v. Halstead*, 362 N.W.2d 504, 506 (Iowa 1985)). In *Schatz* we summarized the criteria which must be met before a new trial will be granted where

defendant alleges prosecutorial suppression of evidence favorable to defendant:

(1) the evidence must have been withheld from the defendant; (2) the evidence must be favorable to the defendant; [and] (3) the evidence must be such that there is a reasonable probability its disclosure would have changed the outcome.

*Id.* 414 N.W.2d at 841; *accord Cornell v. State*, 430 N.W.2d 384 (Iowa 1988); *see United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481, 494 (1985); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963).

■ Jorden asserts that information was withheld and, without elaboration, refers this court to 27 pages in the appendix. It would have been helpful had defendant indicated what information was allegedly withheld because our review of the record indicates there is a dispute between the parties on this point. At the new trial hearing defense counsel contended the State's attorney related that the potential rebuttal witness would testify that while Jorden sold drugs, he was not aware that Jorden sold crack cocaine (for which he was charged). The State's attorney, on the other hand, contended he told defense counsel that, if called, the potential witness would testify that he had witnessed Jorden dealing drugs but was also willing to speculate the crack cocaine found by police belonged to Jorden's girlfriend, rather than Jorden. Both parties agree the prosecutor timely informed defense counsel about a potential rebuttal witness coming forward on the first day of trial and indicating a willingness to testify. Defendant claims the State's attorney refused to provide him with the identity of the witness, while the State's attorney does not recall such a request; nevertheless, it is uncontested the defense counsel made no request to the district court for the disclosure of the witness's identity or for a continuance. We are not at all sure that evidence was withheld in this instance.

Even if we assume, arguendo, evidence was withheld from the defendant, the testimony of the potential rebuttal witness was

not favorable. At one time, the witness was willing to speculate that the crack cocaine belonged to defendant's girlfriend. However, at the new trial hearing the parties stipulated that the witness had changed his statements in a subsequent conversation with the prosecutor, wiping out any type of exculpatory information.

Lastly, even if the prosecutor did not tell defendant of the witness's speculation as to the owner of the crack cocaine, this disclosure would not have changed the outcome. The witness changed his testimony within a day, recanting any exculpatory aspects. Additionally, whether the witness's testimony would have been available to either party is questionable; citing fear of defendant, the potential witness refused to testify at the new trial hearing, even after defendant had consented to absent himself from the proceedings. The trial court did not err in refusing to grant a new trial.

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.