STATE of Iowa, Appellant,

v.

**Sherrie L. MERCER and Ernest R. Mercer, Appellees.**

No. 90–1146.

Court of Appeals of Iowa.

April 2, 1991.

Bonnie J. Campbell, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Ronald D. Bonnett, County Atty., and Arlen F. Hughes, Special Prosecutor, for appellant.

Jon H. Johnson of Johnson & Graeser, P.C., Sidney, for appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

Ernest and Sherrie Mercer, husband and wife, operated a grocery store in Bedford, Iowa, from 1987 to 1989. To finance the purchase of fixtures and equipment for the store, the Mercers borrowed over $20,000 from each of two persons, Howard Coon and S.K. Mendenhall. Coon and Mendenhall held separate security interests in the fixtures and equipment.

In 1989 the Mercers encountered financial difficulties and closed the store. The Mercers decided to sell the fixtures and equipment subject to the security interests at auction. The victims, Coon and Mendenhall acquiesced in the sale of their security. The Mercers expected auction proceeds of over $40,000 and agreed to pay their debts to Coon and Mendenhall from these proceeds. However, the auction actually yielded proceeds of only around $10,000. About a week after the auction the Mercers left Bedford without leaving any forwarding address and without contacting Coon or Mendenhall. The Mercers dispute the State's assertion they had no further voluntary contact with Coon or Mendenhall. The Mercers claim they applied the auction proceeds toward unpaid taxes on behalf of their employees.

Both Mercers were eventually charged with committing theft by disposing of property in which another has a security interest, with the intent to defraud the secured party. The Mercers acknowledged selling the secured property and failing to pay Coon or Mendenhall. However, the Mercers denied any intent to defraud; they asserted their numerous other debts, combined with the disappointing auction proceeds, rendered it impossible for them to repay Coon and Mendenhall. The Mercers also denied any intention to remain permanently out of contact with Coon or Mendenhall.

A jury found both Mercers guilty of two counts of theft in the first degree. The Mercers then filed a motion for a new trial asserting they were entitled to a new trial because the prosecution failed to disclose exculpatory evidence. The alleged exculpatory evidence was a letter written by Deborah Petersen, the Mercer's Council Bluffs attorney, and sent to the county attorney's private law partner, Michael Travis. Michael Travis represented Mendenhall with respect to other financial matters between the Mercers and Mendenhall. Ms. Petersen was not trial counsel for the Mercers in this criminal case. The Mercers assert the letter was exculpatory evidence because it rebutted the State's theory that they had had no contact with Coon or Mendenhall after leaving Bedford, and because it casts doubt on the State's theory they intended to defraud Coon and Mendenhall.

Following a hearing on various motions made by the Mercers, the district court granted the Mercers' motion for a new trial. The district court found the defendants were denied a fair trial because the letter was not available to them during their trial but was available to the prosecutor. The prosecutor testified:

Q. Now from this letter it would be a fair statement that at least your office knew that Deborah Petersen was representing the Mercers?

A. Yes. I think that insofar as it was addressed to my partner, I'm charged with knowledge of that.

The State has appealed and challenges the conclusion the letter was exculpatory evidence which had to be disclosed.

■■■■■ The Mercers admitted at their criminal trial they did not personally contact the victims, but stated that they believed their attorney would take care of contacting the victims and that the attorney had counseled them not to personally contact the victims. Mendenhall testified the Mercers had not made any efforts to contact him since the sale of the security.

The district court, in its ruling on the Mercers' motion for a new trial, found it was an undisputed fact that Mendenhall's attorney Michael Travis had been contacted by an attorney representing the Mercers concerning their financial obligation to Mendenhall. Throughout the criminal trial, the prosecutor frequently brought to the jury's attention that the Mercers did not attempt in any way to contact the victims. At the hearing for a new trial, the prosecutor stated he dwelled on the fact the Mercers did not contact the victims in any way to show their motive to defraud. In its ruling on the Mercers' motion for a new trial, the district court found the letter "could have been used to diffuse the 'runaway' argument and might have even eliminated it. There is no question that this facet of the prosecution was important and could have resulted in the guilty verdicts."

The district court can grant a new trial when for any cause the defendants have not received a fair and impartial trial. Iowa R.Crim.P. 23(2)(b)(9). The court has discretion to grant a new trial based on fair trial considerations. *State v. Luncsford*, 428 N.W.2d 314, 315 (Iowa App.1988). On appeal, we presume the court properly exercised its discretion. *Id.* We will reverse only upon a showing that the court granted the new trial on grounds which were clearly unreasonable and untenable. *State v. Schatz*, 414 N.W.2d 840, 841 (Iowa App. 1987). We are slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4).

We find the district court did not abuse its discretion by granting the defendants a new trial.

AFFIRMED.