# IN THE COURT OF APPEALS OF IOWA

No. 13-0902
Filed May 29, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LARRY ALLEN BELL,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.

Defendant appeals the sentences imposed for his convictions of driving while barred and interference with official acts. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Robert Bradfield, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Larry Bell appeals the consecutive sentences imposed for his convictions of driving while barred as a habitual offender, in violation of Iowa Code sections 321.555(1) and 321.561 (2011), and interference with official acts, in violation of section 719.1(1). He maintains the district court abused its discretion by failing to provide specific reasons to impose consecutive sentences. Upon our review of the record, we affirm.

**I. Background Facts and Proceedings.**

On December 3, 2012, Bell was charged with driving while barred, as a habitual offender, in violation of Iowa Code sections 321.555(1) and 321.561. Bell was also later charged with interference with official acts, operation without registration, and failure to wear a seatbelt. Following a bench trial, Bell was found guilty of each of the four charges.

Bell was sentenced on May 28, 2013. At the sentencing hearing, the State recommended a sentence of incarceration for the maximum, two years, for the operating-while-barred conviction. The State also recommended the sentence run consecutive to any sentence not previously served. In support of its recommendation, the State noted Bell had five previous convictions for driving while barred in a period of less than three years.

During the sentencing colloquy, the district court stated:

> Mr. Bell, I do note that you have a substantial history with the Driving While Barreds. Numerous Drivings While Barreds as a Habitual Offender. Unfortunately, it seems you refuse to learn that you must have a valid driver's license to operate a motor vehicle in the state of Iowa. Quite frankly, I think you're a pleasant gentleman. You're always polite in court.

But you aren't learning from the past that you have to have a valid driver's license to operate a motor vehicle in this state. So the Court must consider in sentencing you protection of the community from further criminal activity from you and nothing has led me to believe you won't go out and drive some more. It appears the best opportunity to prevent you from driving is to incarcerate you with the Department of Corrections.

It will be the judgment and sentence of the Court that under case number AGCR 350195 under the charge of Driving While Barred as an Habitual Offender, as defined in Sections 321.555, Sub 1, and in violation of 321.561, that the defendant shall serve a term not to exceed two years in the custody of the Director of the Department of Corrections, pay a fine in the amount of a thousand dollars.

As to the Interference with Official Acts, in violation of 719.1, Sub 1, the defendant will be sentenced to serve 30 days in jail to run consecutive to the time serviced for the Driving While Barred charge. All other simples, which are the Operation Without Registration and Failure to Wear a Seat Belt, the minimum fines will be imposed.

All sentences to run consecutive to any time the defendant has already been sentenced to.

Bell appeals the sentence.

## II. Standard of Review.

Our review of the district court's sentencing decision is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225. In

criminal cases the court is to "state on the record its reasons for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d).

**III. Discussion.**

This is yet another in a long line of cases raising the issue of whether an adequate explanation was given for imposing consecutive sentences on appeal. Here, Bell concedes we may look to the overall sentencing plan to glean the court's reason for imposing consecutive sentences, but he maintains the court failed to give any reasons that explain such an imposition in this case.

"If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Iowa Code § 901.8. A sentencing court must state, on the record, its reason for selecting a particular sentence. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) (citing Iowa R. Crim. P. 2.23(3)(d)). The court must also provide reasons for imposing consecutive sentences. *Id.* "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Hennings,* 791 N.W.2d 828, 838 (Iowa 2010). We may look to the court's overall sentencing rationale to glean the reasoning for imposing consecutive sentences. *See id.* ("[I]t is apparent to us that the district court ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan.").

In *Hennings,* our supreme court, reviewing the sentencing colloquy, stated, "The court spoke at length about the information it considered in making a sentencing determination and specifically what factors influenced its ultimate

decision. This is not a situation where the court 'failed to give even a terse explanation of why it imposed consecutive, as opposed to concurrent sentences.'" 791 N.W.2d at 838 (citing *State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996)). In *Hennings* not a single word or sentence was directly expressed explaining why consecutive sentences were imposed.

While we agree with Bell's contention that the district court provided no explicit connection between its sentencing plan as a whole and its decision to impose the consecutive sentence, we can discern no difference between these facts and the facts in *Hennings.* We can only conclude the court's reasoning is apparent from the overall sentencing rationale.[1] *See id.*

Thus, we find the district court did not abuse its discretion in imposing consecutive sentences, and we affirm.

**AFFIRMED.**

Potterfield, J., concurs; McDonald, J., dissents.

---

[1] *See State v. Scott*, 12–1531, 2013 WL2146226, at *2 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially).

**MCDONALD, J.** (dissenting)

As the majority notes, this case is another example of a defendant challenging the sufficiency of a sentencing court's explanation for the imposition of consecutive sentences. As in many of these cases, the defendant set out on appeal with the wind of authority in his sails only to run aground on contrary authority. This is not due to the defendant's lack of navigational skill; instead, the nautical chart no longer provides meaningful guidance. *See Scott*, 2013 WL 2146226, at *2 (Danilson, J., concurring specially) (summarizing the state of the law). As a service to sentencing courts, the bar, and litigants, we should better mark the aids on the chart and acknowledge one line of authority silently has overruled another or attempt to otherwise reconcile the seemingly irreconcilable.

There is no doubt our cases in this area appear in tension, if not direct conflict. Bell contends the sentencing court is required to state on the record its specific reason or reasons for the imposition of consecutive sentences. The argument is supported by controlling authority. For example, in *State v. Jason*, 779 N.W.2d 66, 77 (Iowa Ct. App. 2009), the sentencing court articulated a variety of factors it considered in imposing a term of incarceration but then failed to articulate whether those same factors related to its decision to impose consecutive sentences. This court concluded the statement of reasons was insufficient:

> The district court provided sufficient reasons to support its decision to impose a term of incarceration. It cited the nature of the offenses, their ongoing nature, and the continuing course of conduct by Jason. However, the court did not provide any reasons for its decision to impose consecutive sentences . . . . Although the reasons given for imposing consecutive sentences may be the same reasons for granting probation, reasons must be identified.

> Here, the trial court provided no explanation for the imposition of consecutive sentences during the sentencing hearing or in the sentencing order. Since the trial court gave sufficient reasons for imposing incarceration, we vacate only that portion of the sentence imposing consecutive sentences and remand for the purpose of determining whether the sentences should run consecutive or concurrent.

*Jason*, 779 N.W.2d at 77. (internal citations omitted). Other cases reach the same conclusion: the sentencing court must specifically identify the reason or reasons for imposing consecutive sentences. *See, e.g.*, *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (explaining that court's statements regarding the nature of the offense, the harm caused to the victims, and the "cold and calculated" nature of the crime were "sufficient reasons to support its decision to impose a term of incarceration . . . [h]owever, the court did not provide reasons for its decision to impose consecutive sentences"); *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998) (holding that imposition of consecutive sentences without explanation of reasons was not sufficient under rule 2.23(3)(d)); *Uthe*, 542 N.W.2d at 816 (holding that stated reasons for refusal to grant probation were not a sufficient explanation of why the sentencing court imposed consecutive sentences); *State v. Gasaway*, No. 13-0458, 2014 WL 251906, at *1 (Iowa Ct. App. Jan. 23, 2014) (holding stated reasons were insufficient); *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994) (vacating sentence where the sentencing court's reasons related solely to the denial of probation and stating that "more is required to enable us to properly perform our review"). In apparent conflict, the State contends the sentencing court need not specifically identify its reason or reasons for imposing consecutive sentences so long as the sentencing court articulates an "overall sentencing plan." The State cites *Hennings* for this

proposition, which is discussed in sufficient detail by the majority. There are numerous other cases purporting to stand for the same proposition as *Hennings*, and they need not be cited here.

The majority navigates the apparent conflict between the cases by implicitly holding that *Hennings* overruled *Jason*. The majority notes it agrees with "Bell's contention that the district court provided no explicit connection between its sentencing plan as a whole and its decision to impose the consecutive sentence." The majority continues, noting "[i]n *Hennings* not a single word or sentence was directly expressed explaining why consecutive sentences were imposed." The majority reasons because it "can discern no difference between these facts and the facts in *Hennings* . . . [it] can only conclude the court's reasoning is apparent from the overall sentencing rationale." Implicit in the court's holding is the conclusion that *Jason* and *Hennings* are materially indistinguishable and *Hennings* overruled *Jason sub silentio*. This is a perfectly reasonable interpretation of *Hennings* and similar cases; however, it is not the only possible interpretation. I conclude *Hennings* is distinguishable from this case. Moreover, I conclude *Hennings* and the body of "overall sentencing plan" cases are wholly reconcilable with *Jason* and the body of cases requiring a reason be given for the imposition of consecutive sentences.

In *Hennings*, the sentencing court discussed in great detail the reasons for its sentence, as did the sentencing court here. In *Hennings*, however, the sentencing court imposed consecutive sentences after stating "with all those things in mind." 791 N.W.2d at 838. The sentencing court in *Hennings* thus clearly identified on the record that the same reasons supporting its decision to

impose a term of incarceration also supported its decision to impose consecutive sentences. This critical fact redraws the otherwise unhelpful nautical chart. Rather than overruling *Jason* and similar cases, *Hennings* is actually in accord with the requirement that the sentencing court identify its reason or reasons— even if terse and succinct—for the imposition of consecutive sentences. In contrast, in this case, the sentencing court's reasons for imposing the particular sentence related only to the offense of driving while barred as a habitual offender and only to the reason for choosing incarceration over probation for that conviction: "It appears the best opportunity to prevent you from driving is to incarcerate you with the Department of Corrections." Unlike *Hennings*, the sentencing court in this case never stated the same reasons supporting its decision to impose a term of incarceration also supported its decision to impose consecutive sentences.

The more limited reading of *Hennings* offered here is more consistent with the "overall sentencing plan" cases as originally intended. The first decision to use the "sentencing plan" rationale was *State v. Johnson*, 445 N.W.2d 337 (Iowa 1989). In that case, the court affirmed the imposition of consecutive sentences where the sentencing court explicitly stated "these are two separate offenses and that the sentences shall run consecutively." *Johnson*, 445 N.W.2d at 343. The court explained that the district court's explanation of its "overall sentencing plan" shed light on the "particular reasons . . . which appear in the sentencing colloquy, sentencing order, and presentence investigation referred to by the district court." *Id.* The *Johnson* court never held the "overall sentencing plan" was a substitute for the required statement of reasons. Indeed, the *Johnson* court rejected such a

notion by distinguishing *State v. Harrington*, 349 N.W.2d 758, 763 (Iowa 1984), stating the court in *Harrington* "remanded for resentencing where the trial court . . . . did not state *any reason* where the two . . . sentences were set to run consecutively." 445 N.W.2d at 343. Similarly, in *State v. Jorden*, 461 N.W.2d 356, 358 (Iowa Ct. App. 1990), we affirmed the imposition of consecutive sentences where there was an overall sentencing plan and the district court explicitly stated: "Consecutive sentence was determined to be an appropriate sentence in this case because of the defendant's extensive prior criminal history." Again, the overall sentencing plan was considered in addition to the sentencing court's statement of reasons and not in lieu of the same.

Other early cases also include at least one reason specifically related to the imposition of consecutive sentences within the context of an overall sentencing plan. *See, e.g.*, *State v. Kittler*, No. 98-1558, 2000 WL 18717, at *1-2 (Iowa Ct. App. Jan. 12, 2000) (affirming sentences where district court explicitly weighed factors for and against imposition of consecutive sentences); *State v. Terwilliger*, No. 98-1781, 1999 WL 1136677, at *3 (Iowa Ct. App. Dec. 13, 1999) (affirming overall sentencing plan where the sentencing court imposed consecutive sentences because "of the seriousness of the offenses, the sexual exploitation involved a vulnerable victim (a child), as well as that the offenses occurred on different days and constituted separate criminal conduct"). I could continue to cite similar cases until the bitter end, but the larger point is this: although *Hennings* and other cases are cited for the proposition that an overall sentencing plan can serve as a substitute for the sentencing court's statement of reasons for the imposition of consecutive sentences—as the State and majority

cite *Hennings* here—that interpretation of *Hennings* and the similar cases is not consistent with the rationale and holding of the original cases upon which they rely.

Accordingly, I respectfully dissent.