**STATE of Iowa, Appellee,**

v.

**Stephen Stuart LUDLEY, Appellant.**

**No. 90–406.**

Court of Appeals of Iowa.

Dec. 27, 1990.

Thomas Gillespie, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Sarah Coats, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Laurie Craig, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

On September 25, 1989, Stephen Ludley was driving his motor vehicle on Interstate 380 within the city limits of Cedar Rapids, Iowa. He was stopped by an officer of the Linn County Sheriff's Department for speeding. In the officer's opinion, Ludley had a strong odor of alcohol on his breath and showed outward signs of insobriety. Ludley refused to perform field sobriety tests. He was then transported to the Linn County Jail and, at that time, refused to provide a breath specimen for chemical testing.

Ludley was charged with Operating a Motor Vehicle While Under the Influence (OWI), second offense. He was held in the jail overnight and released on his own recognizance. As a condition of release, he was ordered to obtain a substance abuse evaluation. Ludley obtained a substance abuse evaluation at the John McDonald Treatment Center on October 3, 1989.

Ludley initially pleaded not guilty to the charge but entered a guilty plea on January 24, 1990. The trial court ordered that a presentence investigation report be prepared and submitted to the court and counsel at least three days prior to the date set for sentencing. The court did not order another substance abuse evaluation.

A sentencing hearing was held on April 2, 1990. Appearing at the hearing were Ludley, his defense counsel, the Assistant County Attorney, and the presentence investigator. The court stated the presentence investigation report had been submitted to the court and counsel. This report contained a summary of the results of the substance abuse evaluation conducted in October 1989. At the conclusion of the hearing, the court sentenced Ludley to a prison term for a period not to exceed two years and fined Ludley $750 plus a 15% surcharge and court costs. This sentence was based on many factors including the recommendation of the presentence investigator and Ludley's extensive prior record of alcohol-related offenses.

Ludley has appealed, challenging certain procedural matters relating to his sentencing. Ludley first contends the court that accepted his guilty plea erred by failing to order a substance abuse evaluation pursuant to Iowa Code section 321J.3(1).

He next contends the sentencing court denied him of due process and assistance of counsel by failing to serve the presentence investigation report on his attorney, by restricting his presentation of evidence during the sentencing hearing, by interrupting him while he exercised his right of allocution, and by giving him no chance to cross-examine the preparer of the presentence investigation report.

Finally, Ludley argues the sentencing court erred by failing to inform him, after sentencing, that in the event of indigency he had a statutory right to appointed counsel on appeal and to a transcript at public expense.

I. *Substance Abuse Evaluation.* Iowa Code section 321J.3(1) provides in pertinent part:

> ... if the defendant is charged with a second or subsequent [OWI] offense, the court shall order the defendant, on conviction, to undergo a substance abuse evaluation and the court may order the defendant to follow the recommendations proposed in the substance abuse evaluation for appropriate substance abuse treatment for the defendant.

*State v. Moyer,* 382 N.W.2d 133 (Iowa 1986), involved the interpretation of a 1984 amendment to Iowa Code section 321.-281(2)(c) (1983) which is virtually identical to section 321J.3 (1989). In *Moyer,* our supreme court found that, pursuant to this section, it is mandatory that the district court order a presentence substance abuse evaluation. *Id.* at 135. The *Moyer* court opined, "by mandating a *presentence* substance abuse evaluation and encouraging court-ordered treatment" the section furthers the increased legislative emphasis given to evaluation and treatment of persons with substance abuse problems. 382 N.W.2d at 135 (emphasis added).

Ludley contends his sentence must be reversed because the district court did not order a postconviction substance abuse evaluation. He asserts that although there was a substance abuse evaluation ordered in conjunction with the present offense, the court was nonetheless required to order an additional evaluation after accepting his guilty plea, pursuant to Iowa Code section 321J.3 (1989).

We reject Ludley's assertion that the court-ordered evaluation was of no avail because it preceded the entry of his guilty plea. The *Moyer* court placed little emphasis on the section's language, "on conviction":

> when the legislature used the word "conviction" in fixing the time when the court must order a substance abuse evaluation, it was not equating a conviction with entry of a sentence, but *at most* with an adjudication that the defendant was guilty of the charged offense.

382 N.W.2d at 135–36 (emphasis added). What our Legislature, and the *Moyer* court, was most concerned with was that the substance abuse evaluation be "completed and reported to the district court before sentencing." *Id.* at 136. The district court must receive and consider the substance abuse evaluation in sentencing a second or subsequent OWI offender with an eye toward treatment recommended as a result of the required evaluation.

The *Moyer* court concluded:

Defendant was entitled to have the statutorily-prescribed substance abuse evaluation completed and reported to the district court before sentencing. The sentencing court ordered no evaluation and *had not received equivalent information before imposing sentence.* We therefore must vacate the sentence entered.... On remand the district court shall order defendant to undergo a substance abuse evaluation, and thereafter the sentencing court shall consider such recommendations for treatment as are contained in the evaluation report, along with all other information properly presented at the sentencing hearing.

*Id.* at 136 (emphasis added).

Unlike the situation in *Moyer*, the sentencing court here had received equivalent information before imposing sentence. A presentence substance abuse evaluation was ordered as a condition of Ludley's release and he did obtain a substance abuse evaluation. The results and recommendations from that evaluation were included in the presentence investigation (PSI) report. The PSI report was made available to the court and counsel. At the sentencing hearing, when asked about his sentencing recommendation, Ludley's counsel referred to the evaluation conclusion that Ludley did not need in-patient treatment. The presentence investigator relied upon this conclusion in recommending that Ludley receive a prison term not to exceed two years. The sentencing court obviously gave consideration to Ludley's substance abuse problems, as shown from the following portion of the court's sentencing statements.

[The Court:] Having looked at the prior record in this case, the Court would find that the [PSI] recommendation is appropriate, under the circumstances, and defendant has had very little time served in custody, or behind bars for the offenses that he has committed in the past. This is No. 8, as I understand it, and it's time that he be faced—or confronted with the problem of either long-term incarceration, or that he take some steps with respect to the consumption of alcoholic beverages that will terminate any further offenses, or deter any further offenses occurring. Therefore, I think the recommendation is appropriate, and I'll sentence the defendant at this time to the custody of the Director of Adult Corrections of the State of Iowa for a period not to exceed two years, which is the maximum term for this type of offense, under an aggravated misdemeanor. The defendant will report to the Classification Center at Oakdale, Iowa, for classification, and that will take up to approximately three days, thereafter I understand that you may be very eligible for this OWI program, and I would certainly make a recommendation that you be considered for that.

Under the circumstances presented here, we find the objective of section 321J.3 was fully served. We find that there was substantial compliance with the mandate of section 321J.3 and, therefore, reject this challenge to Ludley's sentence.

II. *Was Defendant Denied Due Process Or Assistance Of Counsel?* Ludley complains of numerous deficiencies in his sentencing hearing. Ludley's contentions of error include: the failure to serve the PSI report on his counsel; the restriction of his presentation of evidence during the sentencing hearing; the denial of his right of allocution; and the court's consideration of improper or inaccurate information. Ludley claims that these errors, in combination, violated his constitutional guarantees of due process and effective assistance of counsel.

When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

The sentencing process must meet due process requirements. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he or she may have no right to object to a particular result of the sentencing process. [citations omitted]

Although not identified by this court as a due process concept, we distilled the essence of required fundamental fairness in these circumstances when we said:

"A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to the defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."

State v. Delano, [161 N.W.2d 66, 74 (Iowa 1968)].

State v. Drake, 259 N.W.2d 862, 867 (Iowa 1977). The burden to show prejudice ordinarily falls on the convicted person. Id.

Our evaluation of the record reveals no evidence of constitutional infirmities. We need not address defendant's contention that Iowa Code section 901.4 (1989) mandates service of the PSI report on defendant's counsel because it is clear from the record that Ludley's counsel did receive the report with ample time to review it, personally and with his client. Both defendant's counsel and defendant addressed the sentencing court concerning what they believed were deficiencies or weaknesses in that report. Ludley asserts that his counsel was not granted the opportunity to present evidence, in essence, to discredit the presentence investigation and report. We summarily reject this complaint as the record clearly reveals both counsel and defendant were given ample opportunity to address the court in whatever manner they believed appropriate.

■ Furthermore, defendant was not denied his right of allocution. The sentencing court asked Ludley, "Any comments you want to make at all regarding this offense?" Ludley then addressed the court. Nothing in the record suggests the defendant was interrupted or denied his right of allocution. See State v. Glenn, 431 N.W.2d 193, 194–95 (Iowa App.1988), for a discussion of the allocution require-

ments. In Glenn, this court stated, "[A]s long as the court provides defendant an opportunity to speak regarding his punishment, the court is in compliance with the law." This opportunity was provided to Ludley and, consequently, we find no error.

■ Relying on State v. Black, 324 N.W.2d 313 (Iowa 1982), and State v. Nichols, 247 N.W.2d 249 (Iowa 1976), Ludley contends his sentence must be reversed because the sentencing court was under the mistaken impression that the classification process at Oakdale would only require three days. Ludley's reliance on the cited authorities is misplaced. Those cases held the sentences imposed were tainted by impermissible considerations, requiring a remand for resentencing. We have reviewed the present record and find no support for the defendant's contention that the sentence was infected with impermissible considerations.

Even assuming the defendant's hearing was not perfect, Ludley has completely failed to show any prejudice resulting from the alleged errors, individually or in combination. We reject this challenge.

■ We also refuse to reverse the sentencing based upon the sentencing court's failure to notify the defendant of an indigent's statutory right to court-appointed counsel. Ludley does not contend he would have been eligible for court-appointed counsel and he is pursuing this appeal with the aid of counsel. Defendant has failed to demonstrate the requisite prejudice.

Based on the foregoing discussions, we find no reason to vacate the defendant's sentence.

AFFIRMED.