STATE of Iowa, Appellee,

v.

**Scott Alan WEBER, Appellant.**

No. 94–2103.

Supreme Court of Iowa.

March 20, 1996.

Linda Del Gallo, State Appellate Defender, and Ahmet Gonlubol, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, J. Patrick White, County Attorney, and David V. Tiffany, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

Scott Alan Weber challenges the sentence imposed upon his conviction for third-offense operating while intoxicated (OWI) as an habitual offender in violation of Iowa Code sections 321J.2 and 902.8 (1993). He claims the court erred in failing to order a substance abuse evaluation prior to sentencing. The State maintains Weber waived error on this claim by failing to object at sentencing. Alternatively, the State claims the record before the court amounted to the equivalent of an evaluation. We believe the court committed no reversible error in failing to order the evaluation because Weber's record is such that an evaluation would not have changed his ultimate sentence. We affirm.

The State charged Weber with third-offense OWI as an habitual offender and with driving while his license was revoked in violation of Iowa Code section 321J.21. Weber pleaded guilty to the driving-while-revoked charge prior to a jury trial on the OWI charge.

The jury found Weber guilty as charged. The habitual-offender charge was then tried to the court. The court determined Weber had two prior OWI convictions and found him guilty of being an habitual offender. Without the benefit of a substance abuse evaluation, the court sentenced Weber to up to fifteen years to be served concurrently with the sentence imposed upon an earlier OWI conviction.

Iowa Code sections 321J.2(2)(c) and 321J.3(1) require a court to order a substance abuse evaluation prior to sentencing a defendant on a second or subsequent OWI conviction. *See State v. Moyer*, 382 N.W.2d 133, 135 (Iowa 1986). One exception to this rule occurs when the court receives the substantial equivalent of a substance abuse evaluation ordered pursuant to section 321J.3(1). *See State v. Ludley*, 465 N.W.2d 912, 913–14 (Iowa App.1990) (evaluation obtained as part of pretrial release amounted to the substantial equivalent of an evaluation ordered pursuant to section 321J.3(1)). We recognize another exception exists where, as here, the public interest in securing an evaluation has been fully served. *See State v. Squires*, 545 N.W.2d 557, 558 (Iowa 1996) (evaluation and treatment of substance abusers benefit the public).

Weber was being sentenced for third-offense operating while intoxicated. As such, the court erred in failing to order a substance abuse evaluation prior to sentencing. Weber's record, however, is extensive. His presentence investigation indicates he has escaped from an OWI treatment in the past and that he was on escape status from another OWI treatment facility when he was arrested in connection with this case. Additionally, he has a lengthy history of alcohol-related offenses including at least two previous OWI convictions and a public intoxication conviction. Given Weber's failure to follow through with treatment in the past and his extensive record, the court would have no choice but to conclude that any further attempt at treatment would be futile. The failure to order an evaluation, under these unique facts, does not compel resentencing.

**AFFIRMED.**