STATE of Iowa, Appellee,

v.

**Randy L. RUITER, Appellant.**

No. 95–1087.

Supreme Court of Iowa.

April 17, 1996.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and T. Rae Hammans, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

PER CURIAM.

The defendant, Randy Ruiter, appeals the judgment and sentence imposed following his guilty plea to the charge of operating a motor vehicle while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (1995). Ruiter contends his sentence is void because the district court failed to comply with the provisions of Iowa Code sections 321J.2(2)(c) and 321J.3 and order a substance abuse evaluation before sentencing. We affirm.

Ruiter was charged by trial information with OWI, second offense, in violation of section 321J.2. That same day, Ruiter executed and filed a petition to plead guilty and a waiver of a substance abuse evaluation. The petition requested immediate sentencing and waived any right to challenge the plea by a motion in arrest of judgment. Ruiter's waiver of a substance abuse evaluation acknowledged that he had the right to the preparation of a substance abuse evaluation and have the court review it before sentencing. The waiver further stated Ruiter agreed to not challenge his sentence on the ground no substance abuse evaluation had been ordered. At the guilty plea and sentencing hearing, Ruiter acknowledged in open court his wish to waive the substance abuse evaluation. In lieu of the evaluation, Ruiter requested the district court order him to attend substance abuse treatment in prison. The district court granted his request and sentenced him to a term of imprisonment not to exceed two years. Ruiter has appealed.

In two recently decided cases, *State v. Weber*, 545 N.W.2d 317 (Iowa 1996), and *State v. Squires*, 545 N.W.2d 557 (Iowa 1996), we addressed the issue of whether a defendant was required to preserve error before raising a claim the district court failed to order a substance abuse evaluation pursuant to Iowa Code sections 321J.2(2)(c) and 321J.3(1) (1993). In both cases, we held that a defendant need not object at sentencing in order to preserve error on direct appeal from the court's failure to order a substance abuse evaluation. *Weber*, 545 N.W.2d at 317–18; *Squires*, 545 N.W.2d at 559. In the present case, we are not dealing with a defendant's failure to object but rather his express waiver of the preparation and use of the substance abuse evaluation. *Weber* and *Squires* are clear, however, that where a defendant has been convicted of a second or subsequent OWI, the district court is mandated under sections 321J.2(2)(c) and 321J.3(1) to order a substance abuse evaluation prior to sentencing. We recognized two exceptions to this requirement: (1) when the court receives the substantial equivalent of a substance abuse evaluation, and (2) where the public interest in securing an evaluation has been fully served. *Weber*, 545 N.W.2d at 317–18. We further noted the societal benefit obtained by evaluation and treatment of individuals who would ordinarily pose no threat to the public but for their substance abuse. *Id.*

We agree with Ruiter that because he was convicted of second-offense OWI, the district court should have ordered a substance abuse evaluation pursuant to sections 321J.2(2)(c) and 321J.3(1). We conclude, however, that Ruiter's case falls within the second exception to that requirement recognized in *Weber*. At sentencing, Ruiter requested the district court order him to undergo substance abuse treatment. The district court ordered Ruiter to undergo such treatment. No further societal benefit could be obtained by ordering the district court to prepare a substance abuse evaluation at this time. Ruiter's sentence is therefore affirmed.

**AFFIRMED.**