STATE of Iowa, Appellee,

v.

Scott Eugene BREESE, Appellant.

No. 97–890.

Supreme Court of Iowa.

July 29, 1998

Linda Del Gallo, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, John

---

P. Sarcone, County Attorney, and Ray Kinley, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Defendant appeals the sentence entered upon his conviction of operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (1995). He argues the district court erred in failing to order a substance abuse evaluation prior to his sentencing and it erred in issuing a supplemental order directing the Department of Transportation (DOT) to revoke his license. We affirm the sentence in part and vacate in part.

### I. Background Facts and Proceedings.

The defendant, Scott Breese, pled guilty to the offense of OWI, second offense, in violation of section 321J.2. On February 14, 1997, the court ordered:

> Defendant shall call **243–4200** within **three** working days to schedule a substance abuse evaluation at Employee and Family Resources (**EFR**), 1446 Martin Luther King Pkwy, Des Moines, IA. Defendant shall pay the cost of this evaluation. The evaluation shall be completed no later than **ten** working days before the date of sentencing. A copy of the results of the evaluation shall be provided by defendant's attorney to the court at the time of the presentence conference.

(Emphasis in original.)

The defendant did not have a substance abuse evaluation. He failed to appear for his presentence conference on April 8, 1997, and a bench warrant was issued for his arrest. At his sentencing on April 24, 1997, the court informed the defendant he had the right to have a substance abuse evaluation done before being sentenced and the defendant confirmed that he wanted to waive that right. The court sentenced the defendant to sixty days in jail with credit for time served and ordered him to pay court costs. The court issued a supplemental order on April 29 directing the DOT to revoke the defendant's license for a period of six years pursuant to section 321J.4(3)(a).

On appeal, the defendant argues the court was required to order the preparation of a substance abuse evaluation prior to sentencing and notes his waiver does not fall within any of this court's previously recognized exceptions to the requirement. He also contends Iowa Code section 321J.4(3)(a) does not authorize the revocation of his license for a second offense OWI.

### II. Preparation of Substance Abuse Evaluation.

Pursuant to Iowa Code section 321J.3, where a defendant is convicted of a second or subsequent OWI offense, the district court is required to order the preparation of a substance abuse evaluation prior to sentencing. We have previously recognized two exceptions to the requirement: (1) when the court receives the substantial equivalent of a substance abuse evaluation; and (2) when the public interest in securing an evaluation has been fully served. *State v. Ruiter*, 547 N.W.2d 226, 227 (Iowa 1996).

While neither exception appears directly applicable here, we find the public interest exception embraces the circumstances of this case where the court did order the substance abuse evaluation in accordance with section 321J.3, but defendant did not cooperate with the order. We have explained that the public has an interest in the evaluation and possible treatment because it "can benefit the public by aiding persons who, but for substance abuse, would make useful citizens who would pose no threat to society." *State v. Squires*, 545 N.W.2d 557, 559 (Iowa 1996). However, the benefit of an evaluation must be balanced against the public interest in the operation of an efficient justice system. If sentencing cannot occur until a defendant ordered to undergo a substance abuse evaluation complies with the order, an uncooperative defendant could delay sentencing. Such a delay is against the public interest.

Under these circumstances, therefore, where the court ordered a substance abuse evaluation as mandated by section 321J.3 and instructed the defendant on how, when, and

where to obtain one, but defendant did not comply with the order, we believe the public interest in securing an evaluation has been fully served. The court did not err in proceeding with sentencing without the benefit of a substance abuse evaluation.

### III. License Revocation.

The defendant next contends the court erred in entering a supplemental order requiring the DOT to revoke his driver's license for six years. Iowa Code section 321J.4(3)(a) provides that "[u]pon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department to revoke the defendant's motor vehicle license . . . for a period of six years." Because the record only demonstrates that the current conviction was defendant's second conviction of operating while intoxicated, the State concedes the supplemental order was erroneously entered and therefore should be vacated.

### IV. Conclusion.

We find the district court did not err in sentencing defendant without the benefit of a substance abuse evaluation where the court ordered an evaluation and defendant failed to obtain one. However, we find the court did err in entering the supplemental order of license revocation. Accordingly, we affirm defendant's sentence in part and vacate the supplemental sentencing order of revocation.

**SENTENCE AFFIRMED IN PART; VACATED IN PART.**