## IN THE COURT OF APPEALS OF IOWA

No. 13-1736
Filed June 25, 2014

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JACOB DOUGLAS FESKO,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Cerro Gordo County, Annette L.

Boehlje, District Associate Judge.


       The defendant appeals the sentence imposed following his plea of guilty.

**AFFIRMED.**


       Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C.,

Mason City, for appellant.

       Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, Carlyle D. Dalen, County Attorney, and Rachel A. Ginbey. Assistant

County Attorney, for appellee.


       Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Defendant Jacob Fesko appeals the sentence imposed following his plea of guilty to the offense of operating while under the influence ("OWI"), third or subsequent offense, in violation of Iowa Code section 321J.2 (2011). Fesko contends the district court erred in failing to order Fesko to undergo a substance abuse evaluation prior to sentencing, as required by Iowa Code section 321J.2(7)(a). He also contends the district court abused its discretion by imposing a sentence more severe than the jointly-recommended sentence without first informing Fesko the court was not bound by the plea agreement. We affirm.

I.

On March 4, 2013, Fesko pleaded guilty to the above-stated offense. The district court set sentencing to occur on April 22, 2013, and ordered the Second Judicial District Department of Correctional Services to prepare a presentence investigation report ("PSI"). The district court also ordered Fesko to "undergo a substance abuse evaluation at a licensed substance abuse agency of the defendant's selection" prior to the time of sentencing. There is nothing in the record establishing Fesko completed the court-ordered substance abuse evaluation. Fesko failed to appear for sentencing, and the district court issued a bench warrant for his arrest. The matter finally came on for sentencing (and a plea on another charge not material to this case) on November 1, 2013.

The Iowa Code requires "a court to order a substance abuse evaluation prior to sentencing a defendant on a second or subsequent OWI conviction."

*State v. Weber*, 545 N.W.2d 317, 318 (Iowa 1996). "One exception to this rule occurs when the court receives the substantial equivalent of a substance abuse evaluation . . . . We recognize another exception exists where . . . the public interest in securing an evaluation has been fully served." *Id.*

We conclude the sentencing court substantially complied with the statute. The leading case is *State v. Ludley*, 465 N.W.2d 912 (Iowa Ct. App. 1990). In that case, we concluded there was substantial compliance with the statute when the PSI contained the same type of information as a substance abuse evaluation, the PSI was made available to counsel and the court prior to sentencing, and the sentencing court "obviously gave consideration to [the defendant's] substance abuse problems, as shown from the . . . court's sentencing statements." *Ludley*, 465 N.W.2d at 914. Similarly, in this case, the Department of Correctional Services prepared a thorough PSI. The PSI provided the court with a significant amount of information regarding Fesko's substance abuse and treatment history. The PSI reported Fesko entered into a Veterans Administration ("VA") residential treatment facility following the automobile accident giving rise to the instant charge. The defendant discharged from that program on October 30, 2012, continued with aftercare, and remained under the care of a psychiatrist at the Mason City VA clinic. The PSI was made available to counsel, the defendant, and the court prior to sentencing. Neither the State nor Fesko recommended any changes to the PSI, and Fesko explicitly stated the court could rely on the PSI in imposing sentence. As in *Ludley*, the district court was aware of and obviously gave consideration to Fesko's substance abuse and treatment history—Fesko

explicitly raised the issue during allocution, and the sentencing court discussed the issue while pronouncing sentence.

We also conclude the second exception to the general rule applies here: the public interest in securing an evaluation has been fully served. *See Weber*, 545 N.W.2d at 318. First, the district court in fact ordered Fesko to obtain a substance abuse evaluation. Fesko simply failed to do so and then failed to appear at sentencing. The public's interest is better served by proceeding with sentencing despite the defendant's non-compliance:

> While neither exception appears directly applicable here, we find the public interest exception embraces the circumstances of this case where the court did order the substance abuse evaluation in accordance with section 321J.3, but defendant did not cooperate with the order. We have explained that the public has an interest in the evaluation and possible treatment because it can benefit the public by aiding persons who, but for substance abuse, would make useful citizens who would pose no threat to society. However, the benefit of an evaluation must be balanced against the public interest in the operation of an efficient justice system. If sentencing cannot occur until a defendant ordered to undergo a substance abuse evaluation complies with the order, an uncooperative defendant could delay sentencing. Such a delay is against the public interest.

*State v. Breese*, 581 N.W.2d 631, 632 (Iowa 1998) (quotation marks and citation omitted).

Second, no further public benefit could have been obtained by delaying sentencing to prepare a substance abuse evaluation. *See State v. Ruiter*, 547 N.W.2d 226, 227 (Iowa 1996) (holding second exception was met where defendant sought treatment and sentence contemplated treatment because "[n]o further societal benefit could be obtained by ordering the district court to prepare a substance abuse evaluation" under those circumstances). As in *Ruiter*, Fesko

was aware of his need for treatment and wanted treatment. In fact, Fesko was already treating with the VA. The court was aware of Fesko's need for treatment. While the court sentenced Fesko to a term of incarceration not to exceed five years with a mandatory minimum of thirty days, the sentence also contemplated release to a residential facility to continue substance abuse treatment. The judgment and sentencing order stated "the director of the department of corrections may assign the defendant to an appropriate correctional facility until there is sufficient space in a community residential facility." During the sentencing hearing, the sentencing court expressly affirmed its hope that Fesko would continue treatment with the VA.

The failure to obtain a substance abuse evaluation prior to sentencing is not grounds for reversal under the circumstances of this case. The sentencing court had available to it the substantial equivalent of an evaluation. The failure to obtain the evaluation was caused, at least in part, by the defendant's non-compliance with the court's order. Further, the purpose of obtaining a substance abuse evaluation was satisfied where Fesko sought treatment and was treating, the court was aware of the treatment or need for treatment, and the sentence embodied those concerns.

II.

Fesko contends the sentencing court abused its discretion in declining to follow the sentencing recommendation and request of the parties. The district court is free to impose any sentence within the statutory maximum, and we will not reverse the sentence absent an abuse of discretion. *See State v. Floyd*, 466

N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish the court abused its discretion, Fesko must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). The sentence imposed is allowed by statute. Fesko has not established any abuse of discretion.

Fesko also argues the sentencing court abused its discretion in not advising Fesko the court was not bound by the plea agreement and in not affording Fesko the right to stand on his plea or withdraw the same. There is no indication in the transcript of the sentencing hearing that the plea was contingent upon the sentencing court accepting the recommended sentence. Fesko's argument thus necessarily turns on the nature of the plea agreement (whether it was conditional or not) and what the plea court told Fesko at the time Fesko entered the plea. *See State v. Barker*, 476 N.W.2d 624, 626 (Iowa Ct. App. 1991) (stating "[i]f the plea bargain is conditioned on the court's acceptance," the trial court "may defer its decision until it received the presentence report" or "[t]he court may also inform the defendant it will not be bound by the plea agreement and allow withdrawal of the plea").

The plea court accepted Fesko's guilty plea on March 4, 2013. There is no written plea agreement in the record. There is a Court Reporter Memorandum and Certificate in the record indicating the plea hearing was reported. Fesko, however, has not ordered the transcript and provided it for our review. We are unable to tell whether the plea was contingent upon the court accepting and imposing the recommended sentence. We are unable to tell

whether Fesko was advised the court was not bound by the plea agreement and nonetheless elected to stand on the plea. Quite simply, we are not at liberty to speculate as to what occurred in front of the plea court. Fesko's failure to provide necessary record in support of his claim requires the claim be denied. *See State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995) ("It is a defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon. We conclude that, by voluntarily failing to provide such a record, [defendant] has waived error on his claim.").

III.

For the foregoing reasons, Fesko's sentence is affirmed.

**AFFIRMED.**