# IN THE COURT OF APPEALS OF IOWA

No. 18-0304
Filed February 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROY TOMPKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jones County, Russell Keast, District Associate Judge.


        Roy Tompkins appeals the judgment and sentence entered following his plea to one count of operating while intoxicated, second offense.  **AFFIRMED.**


        Sharon D. Hallstoos of Hallstoos Law Office, LLC, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

Roy Tompkins appeals the judgment and sentence entered following his *Alford* plea[1] to one count of operating while intoxicated (OWI), second offense. He contends his plea was not knowing and voluntary. Specifically, Tompkins asserts he was not informed of the mandatory minimum and maximum penalties for the offense.

Tompkins failed to challenge his plea by moving in arrest of judgment. Ordinarily, this failure precludes a defendant from challenging the plea on direct appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Meron, 675 N.W.2d 537*, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."). However, Tompkins raises his claim under the ineffective-assistance-of-counsel rubric, which is an exception to the error-preservation rule. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Although we ordinarily preserve such claims for postconviction proceedings, we will resolve them on direct appeal when the record is adequate. *See id*. at 494.

A defendant's plea is valid only if the defendant enters it voluntarily, knowingly, and intelligently. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). Iowa Rule of Criminal Procedure 2.8(2)(b) details what the trial court must do to ensure a plea is knowing and voluntary. *See State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985). These requirements include informing the defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by statute defining the offense to which the plea is offered." Iowa R. Crim P. 2.8(2)(b)(2). Although the court must inform the defendant of the direct consequences of the plea, "the court is not required to inform the defendant of all indirect and collateral consequences of a guilty plea." *State v. Fisher*, 877 N.W.2d 676, 682-83 (Iowa 2016) (citation omitted).

The statute defining the charge of OWI, second offense, states it is punishable by the following:

> a. A minimum period of imprisonment in the county jail or community-based correctional facility of seven days but not to exceed two years.
> b. Assessment of a minimum fine of one thousand eight hundred seventy-five dollars and a maximum fine of six thousand two hundred fifty dollars. . . .
> c. Revocation of the defendant's driver's license for a period of one year . . . .
> d. Assignment to substance abuse evaluation and treatment, a course for drinking drivers, and, if available and appropriate, a

reality education substance abuse prevention program pursuant to section 321J.24.

Iowa Code § 321J.2(4). Tompkins first argues his plea did not conform to the requirements of rule 2.8(2)(b)(2) because he was never informed that he would be required to complete a drunk driving program, a substance abuse evaluation, and all recommended treatment.

Our supreme court has determined "license revocation is a collateral and not a direct consequence of a guilty plea" for which the court has a duty to inform a defendant who pleads guilty to an OWI charge. *State v. Carney*, 584 N.W.2d 907, 909 (Iowa 1998). The court reasoned that although "license revocation may carry the sting of punishment," its purpose is "to protect the public by providing that drivers who have demonstrated a pattern of driving while intoxicated be removed from the highways." *Id.* (citation omitted). Likewise, our supreme court had held that "the public at large has an interest in the evaluation and potential treatment" because evaluation and treatment may aid "persons who, but for substance abuse, would make useful citizens who would pose no threat to society." *State v. Squires*, 545 N.W.2d 557, 559 (Iowa 1996). Because, like license revocation, the requirement that those convicted of OWI, second offense, receive evaluation and treatment is a collateral consequence, the court's failure to inform Tompkins of the requirement did not affect the knowing and voluntary nature of his plea. *See State v. Peterson*, No. 11-1409, 2012 WL 3860730, at *3 (Iowa Ct. App. Sept. 6, 2012), *disavowed on other grounds by State v. Weitzel*, 2017 WL 1735743, at *4 (Iowa Ct. App. May 3, 2017), *aff'd*, 905 N.W.2d 397 (Iowa 2017). Tompkins's claim that

counsel was ineffective with regard to the court's failure to advise him of the evaluation and treatment requirements fails.

Tompkins also argues his plea did not conform to the requirements of rule 2.8(2)(b)(2) because he was never informed that the maximum fine for the charge is $6250. The written plea states that the parties agreed to a two-year sentence of incarceration with all but seven days suspended, supervised probation, a $1875 fine, and costs. After accepting his plea, the district court sentenced Tompkins in accordance with the plea agreement.

The written plea agreement states, "I understand that if I plead guilty to this offense, the Court has the power to impose a maximum sentence of 2 [years] and that in any event the Court is required to impose a minimum sentence of $1875, 7 days." The written plea omits that maximum fine of $6250 and, therefore, does not comply with the requirements of rule 2.8(2)(b). *See State v. Weitzel*, 905 N.W.2d 397, 407 (Iowa 2017). Counsel had a duty to correct this omission. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (recognizing counsel's duty to correct any omission by the court during plea proceedings so that the defendant may be fully informed when entering a guilty plea). The question then is whether there is a reasonable probability that Tompkins would have rejected the plea and insisted on going to trial if the court had informed him that the maximum fine he faced was $6250.

The record does not reveal whether trial counsel advised Tompkins of the maximum possible fine he faced. "Such evidence could be a significant part of our prejudice analysis." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). Our supreme court has stated that if the record is insufficient to allow us to address an

ineffective-assistance claim on direct appeal, we must preserve it for a postconviction-relief proceeding regardless of our view of the potential viability of the claim. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Accordingly, we preserve this claim for postconviction proceedings.

**AFFIRMED.**

Mullins, J., concurs; McDonald, J., concurs specially.

**McDONALD, Judge** (concurring specially)

I concur in the judgment. In *State v. Carney*, 584 N.W.2d 907, 909 (Iowa 1998), the supreme court held license revocation is a collateral consequence of a guilty plea to OWI and the district court had no duty to inform the defendant of the consequence prior to taking the plea. *Carney* has since been undermined by *State v. Fisher*, 877 N.W.2d 676 (Iowa 2016). In *Fisher*, the supreme court held that "[b]ecause revocation of the driver's license of a person convicted of a drug possession offense is mandatory, immediate, and part of the punishment for that offense, the court must inform the defendant of this consequence before accepting his or her plea." 877 N.W.2d at 683. The *Fisher*, court distinguished *Carney* on the ground *Fisher* involved "revocation of a driver's license as a mandatory consequence of a *drug possession conviction*." *Id.* (emphasis in original). The proposed distinction is immaterial, and the cases are not reconcilable. Nonetheless, *Fisher* and *Carney* remain good law. I thus concur in the judgment.