# IN THE COURT OF APPEALS OF IOWA

No. 20-0517
Filed June 16, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY ALVIN NEWTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Ringgold County, Dustria A. Relph,

Judge.

        Timothy Newton appeals his convictions for operating while intoxicated,

second offense, and driving while barred.  **AFFIRMED.**

        Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Timothy Newton was found guilty of operating while intoxicated (OWI), second offense, and child endangerment after a jury trial in 2016. *State v. Newton*, No. 16-1525, 2018 WL 739251, at *3 (Iowa Ct. App. Feb. 7, 2018) (*Newton I*).[1] On appeal, this court reversed the conviction for second-offense OWI, finding the court had not engaged in a proper colloquy with Newton before he stipulated to a prior OWI conviction.[2] *Id.* at *6. On further review, our supreme court affirmed the reversal of the second-offense OWI conviction and remanded for further proceedings. *State v. Newton*, 929 N.W.2d 250, 259 (Iowa 2019) (*Newton II*).

On November 12, 2019, Newton pleaded guilty to OWI, second offense. That same date, he also pleaded guilty to a new charge of driving while barred. Newton was ordered to "submit to an evaluation for substance abuse and file a copy" of the evaluation with the clerk of court before sentencing, which was scheduled for January 13, 2020.

On January 11, Newton filed a motion for an updated presentence investigation (PSI) report and to continue sentencing.[3] The district court granted the continuance until January 27 but denied the motion for an updated PSI noting, "The defendant will be provided an opportunity to present any additions or corrections to the previously submitted report at the time of sentencing."

---

[1] The convictions arise from conduct that occurred on September 3, 2014. *Newton I*, 2018 WL 739251, at *1.

[2] Newton's conviction for child endangerment was affirmed. *Newton I*, 2018 WL 739251, at *1 n.1 (noting Newton did not challenge the child-endangerment conviction).

[3] A PSI had been completed and a report submitted in September 2016.

On January 27, the court ordered mittimus issue on the child-endangerment conviction, and Newton began serving his two-year indeterminate sentence.

After protracted procedural delays, an attorney substitution, and the court finding Newton in contempt, the sentencing hearing for the second-offense OWI and driving-while-barred convictions was held on March 23. During the sentencing hearing a recess was taken to allow Newton to review the PSI report with his attorney. The defense did not object to the court using the information contained in the PSI report and offered no additions or corrections. The State asked the court to take judicial notice of two additional convictions since the 2016 PSI was completed.

The defense asked the court to consider granting probation on the two outstanding convictions:

> I know that seems like an odd paradigm, but I think in this case and given the current environment it would provide Mr. Newton some term of incarceration as he's already experienced and will likely experience for a little while future—in the future.
> But then placing him on probation on the other counts then provides a clearer path for him to exit the prison environment into the community where he would have, I think based on my experience, a little more to—a little more resources to avail himself of on the probation side versus the parole side, and that's—that's just been my experience over the years, that the probation side of things seems to do a better job of helping people get back on their feet.

The prosecutor recommended imposition of consecutive terms of incarceration.

> Your Honor, under of the plea agreement in this case, the State's recommendation is that the defendant receive periods of incarceration on the remaining two charges; on Count I, that he receive an indeterminate two-year prison term, and the State is recommending that be run concurrent to Count II in the OWI case.
> Then in relation to the driving while barred case, the State is requesting the defendant be ordered to serve an indeterminate term

not exceed two years on that charge and that sentence be served consecutive to the defendant's sentences on the OWI charge.

The reasoning—the reason for the State's argument for the consecutive time is the offense was committed while the defendant was on release at that point on posting appeal bond on the pending case. So it was—the crime was committed while the defendant was in essence awaiting imposition of sentence in this case.

. . . .

Also, Your Honor, I would note that, again, coronavirus issues, that's a legitimate consideration at this point in time concerning sentencing. It's not a factor. The supreme court has recognized or identified even in the most recent supervisory orders that have been issued, in that the issue the parole board has full authority to deal with.

In terms of the defendant receiving probation, Department of Corrections services whether those are any greater in a probation context or not, I don't know, but I would say the defendant has outstanding probation in Decatur County, so I would assume he'll be getting full benefit of any probationary services available through that case when he gets out. Between what parole services provide and what probation services can provide, he should be able to receive that through that Decatur County charge.

The district court imposed a two-year indeterminate sentence on the OWI charge, which would be served concurrently with the child-endangerment charge Newton was then serving. In the written judgment, the court observed: "The defendant has failed to obtain and/or file a copy of the defendant's substance abuse evaluation; however, because of the defendant's sentence of incarceration set forth below, the court waives the requirement that said evaluation be obtained prior to the pronouncement of sentence . . . ." Newton was ordered to be evaluated for substance abuse during his incarceration. The court also imposed a two-year indeterminate sentence on the driving-while-barred charge to be served consecutive to the others.

Newton appeals. With respect to the sentence imposed on the OWI conviction, Newton contends the court erred in failing to ensure a substance-abuse

evaluation was obtained prior to sentencing. As for the sentence imposed upon the driving-while-barred sentence, Newton contends the court abused its discretion in denying his motion for an updated PSI.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse a sentence unless there is "an abuse of discretion or some defect in the sentencing procedure." *Id.*

> Pursuant to Iowa Code section 321J.3, where a defendant is convicted of a second or subsequent OWI offense, the district court is required to order the preparation of a substance abuse evaluation prior to sentencing. We have previously recognized two exceptions to the requirement: (1) when the court receives the substantial equivalent of a substance abuse evaluation; and (2) when the public interest in securing an evaluation has been fully served.

*State v. Breese*, 581 N.W.2d 631, 632 (Iowa 1998). The *Breese* court determined the public-interest exception "embraces the circumstances of this case where the court did order the substance abuse evaluation in accordance with section 321J.3, but defendant did not cooperate with the order." *Id.* The exception is applicable here.

Newton was ordered to complete a substance-abuse evaluation on November 12, 2019. A number of continuances were granted in these proceedings. Newton did not complete a substance-abuse evaluation before mittimus issued on the child-endangerment charge in January 2020. The failure to obtain a substance-abuse evaluation prior to sentencing is not grounds for reversal under the circumstances of this case.

> We have explained that the public has an interest in the evaluation and possible treatment because it "can benefit the public by aiding persons who, but for substance abuse, would make useful citizens

who would pose no threat to society." However, the benefit of an evaluation must be balanced against the public interest in the operation of an efficient justice system. If sentencing cannot occur until a defendant ordered to undergo a substance abuse evaluation complies with the order, an uncooperative defendant could delay sentencing. Such a delay is against the public interest.

*Id.* (internal citation omitted).

In its sentencing order, the court noted the department of corrections could determine whether placement in the OWI Continuum Program was appropriate and ordered Newton to obtain a substance-abuse evaluation. We find no prejudicial error in the court's waiver of a presentence substance-abuse evaluation.

Nor did the district court abuse its discretion in denying the request for an updated PSI.[4] The defense did not object to the court using the information contained in the PSI report and offered no additions or corrections. We affirm.

**AFFIRMED.**

---

[4] Driving while barred is an aggravated misdemeanor. Iowa Code § 321.561 (2019). "[A] criminal defendant who pleaded guilty to an aggravated misdemeanor cannot demand a PSI as a matter of right; instead, one can be prepared at the discretion of the district court." *State v. Robinson,* 841 N.W.2d 615, 617 (Iowa Ct. App. 2013).