**634**

STATE of Iowa, Plaintiff-Appellee,

v.

Albert Michael AVRITT,
Defendant-Appellant.

No. 84–1423.

Court of Appeals of Iowa.

Aug. 29, 1985.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from the sentence imposed based on his conviction of involuntary manslaughter in violation of section 707.5(2) of the Iowa Code. He asserts that the district court failed to state adequate and proper reasons for imposing the prison sentence. We affirm.

The State filed an amended trial information charging defendant with involuntary manslaughter, an aggravated misdemeanor, in violation of Iowa Code section 707.5(2). Pursuant to a plea agreement, defendant pled guilty to the charged crime. At the guilty plea proceeding, defendant testified that he shot the victim during an argument.

The presentence investigation of defendant reveals several prior arrests for assault.

At sentencing, the trial judge stated that:

[M]y reason for declining to extend probation in this case is because by reckless conduct, Mr. Avritt, you have taken a human life and under the circumstances of this case and your background and so forth I cannot countenance that by the extension of probation. And that is my reasoning for imprisonment in this case.

The judge then sentenced defendant to a prison term not to exceed two years.

■ As long as the sentence imposed is within the statutory maximum, we will interfere only when the trial court has abused its discretion. *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). However, in order for this standard to operate, it is necessary for the trial court to comply with Iowa R.Crim.P. 22(3)(d) and "state on the record its reason for selecting the particular sentence."

The defendant in this action claims the trial court relied solely on the fact that a person had died as a result of defendant's actions. It is argued that this is an insufficient reason to impose a sentence. We disagree with defendant's characterization of the trial court's statement. It is apparent that the court emphasized the reckless conduct which resulted in death, not the death itself. Furthermore, the circumstances of the case and the defendant's background were also considered. We believe these reasons are sufficient to comply with Iowa R.Crim.P. 22(3)(d).

Finding no error, the sentencing determination is affirmed.

AFFIRMED.