**STATE of Iowa, Appellee,**

v.

**Freddie MILLSAP, Appellant.**

No. 95–420.

Court of Appeals of Iowa.

Feb. 28, 1996.

Bruce L. Cook of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, John P. Sarcone, County Attorney, and Jaki Livingston, Assistant County Attorney, for appellee.

Considered by HAYDEN, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

Freddie Millsap was convicted of the crime of attempted burglary in the third degree, in violation of Iowa Code section 713.6B (1993). He appeals, claiming he was denied his right of allocution at sentencing. We remand for resentencing.

On May 24, 1994, a neighbor noticed a broken window at the residence of Lisa Chiodo and saw a man walking down the driveway carrying a white box. Police officers picked up Freddie Millsap a short time later, after he was seen carrying a similar box. The box contained a video cassette recorder, cordless telephone, and a large number of pennies in a tin. Chiodo identified the items as belonging to her.

Millsap was charged with burglary in the third degree, in violation of section 713.6A. Pursuant to a plea agreement, he pled guilty to a reduced charge of attempted burglary in the third degree.

A sentencing hearing was held on March 6, 1995. The entire transcript of the sentencing proceeding follows:

THE COURT: Mr. Millsap, are you ready to be sentenced at this time? The Court, after reading the presentence report, has noticed your past record and also that you failed to appear for sentencing, that you also have gotten yourself into trouble in another county. The Court's going to sentence you to prison for a two-year period, which is the maximum sen-

tence, and under the sentencing law I have to sentence you to two years. So it will be the decision of the Court that you'll be sentenced to two years in prison. The time shall begin immediately.

Bond on appeal is fixed at $5,000 cash as recommended by the State's attorney. You'll be given credit for time that you've served in jail. Bond on appeal is fixed at $5,000 cash only.

You have a right to appeal. You have to give me notice within 30 days. If you can't afford an attorney, the Court will appoint you one. So you're in custody, if you'll have a seat.

DEFENSE COUNSEL: Thank you, Your Honor.

■ Millsap appeals his sentence. He claims he was denied his right of allocution under Iowa Rule of Criminal Procedure 22(3)(d). He asserts the trial court imposed sentence without giving him or his counsel any meaningful opportunity to exercise the right to allocution and speak in mitigation of punishment.

■ Our scope of review of a district court's decision regarding sentencing is for an abuse of discretion or for defects in the sentencing procedure. *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995). No abuse of discretion will be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

■ Rule 22(3)(d) provides that prior to the rendition of judgment, the defendant and counsel for defendant shall be allowed to address the court where either wishes to make a statement in mitigation of punishment. The rule is mandatory. *State v. Glenn*, 431 N.W.2d 193, 195 (Iowa App.1988). Substantial compliance, however, is sufficient. *Id.* Moreover, the court is not required to use any particular language to satisfy the rule. *State v. Jorden*, 461 N.W.2d 356, 359 (Iowa App.1990). As long as the defendant is provided an opportunity to speak about the punishment to be imposed, the right is satisfied. *State v. Ludley*, 465 N.W.2d 912, 915 (Iowa App.1990).

We have previously found several sentencing scenarios adequate to provide the defendant the right of allocution. In *Ludley*, the sentencing judge asked the defendant, "Any comments you want to make at all regarding this offense?" *Id.* The defendant then addressed the court without interruption. *Id.* In *Jorden*, the sentencing court and defendant engaged in a question and answer colloquy concerning the presentence report, and the defendant and State were both asked if there was any reason why sentence should not be pronounced. *Jorden*, 461 N.W.2d at 359. In *Glenn*, the judge asked the defendant if there was "Any reason I should not go ahead right now and sentence you?" *Glenn*, 431 N.W.2d at 194. Defendant replied, "No," followed by several questions and answers concerning the recommendations contained in the presentence report and defendant's employment status. *Id.* In each case, we were able to glean from the record the defendant was provided an opportunity to speak to the court concerning his punishment.

In this case, we are unable to conclude the court's single interrogative at the commencement of the sentencing hearing, "Mr. Millsap, are you ready to be sentenced at this time?," provided Millsap an opportunity to speak to the court concerning the punishment to be imposed. The question did not invite Millsap to address the court in mitigation of the sentence, nor did the surrounding circumstances reveal Millsap should have understood the court was giving him the opportunity. Millsap made no verbal response to the question, and the record does not suggest any process of engagement between Millsap and the sentencing judge.

■ Millsap was denied the right of allocution. We remand the case for resentencing.[1]

**REMANDED FOR RESENTENCING.**

---

1. We have consistently held that errors during sentencing need not be raised to be preserved for

appeal. However, we continue to urge defense counsel to bring the claim of error to the attention of the sentencing judge to avoid the time and expense of an appeal.