# IN THE COURT OF APPEALS OF IOWA

No. 14-0213
Filed February 25, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL DAVID BUSH,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

A defendant appeals his sentence following his conviction for failure to register as a sex offender. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Stephen Holmes, County Attorney, and Keisha F. Cretsinger, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Michael David Bush appeals his sentence following his conviction for failure to register as a sex offender, in violation of Iowa Code sections 692A.103, .104, and .111 (2013). He asserts the district court did not afford him an opportunity to speak to the court in mitigation of his sentence as required by Iowa Rule of Criminal Procedure 2.23(3)(d).

Rule 2.23(3)(d) reads in applicable part:

> If no sufficient cause is shown why judgment should not be pronounced, and none appears to the court upon the record, judgment shall be rendered. Prior to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment.

"The court is not required to use any particular language to satisfy rule 22(3)(d)." *State v. Glenn*, 431 N.W.2d 193, 194 (Iowa Ct. App. 1988) (discussing a former version of rule 2.23(3)(d)). "Substantial compliance is sufficient." *Id.*

The district court substantially complied with the rule. The court stated:

> All right. Thank you. Mr. Bush, I will consider the recommendations that the attorneys have made here. It is my decision as to what your sentence will be, as you know; and so I would also offer you an opportunity to make a statement if you wish. You're not required to say anything here today, and I wouldn't hold it against you if you didn't want to speak, but you do have the right to make a statement if you wish. Is there anything you would like to say then, Mr. Bush, before I sentence you? Anything you want to say?

Bush's attorney responded, "I don't think so, Your Honor." Bush did not verbally respond.

The court's clear statement notwithstanding, Bush contends the court failed to "substantially comply with the rule" because the court did "not ask[] [him]

the question again to have him personally answer." Our precedent does not require the court to go this far. *See State v. Craig*, 562 N.W.2d 633, 637 (Iowa 1997) ("We echo the words of the Supreme Court in *Green* in recommending that trial judges leave no room for doubt that a defendant has been given the *opportunity* to speak regarding punishment." (emphasis added) (*citing Green v. United States*, 365 U.S. 301, 304 (1961))); *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007) (same); *Glenn*, 431 N.W.2d at 195. It is enough if the defendant is afforded an opportunity to speak. *Glenn*, 431 N.W.2d at 195. Bush was afforded this opportunity. Under similar facts, this court held:

> Although defendant's attorney answered this request, we believe that, given that the court directly addressed the defendant, and the fact that defendant had just finished testifying, the defendant would have been aware of his right to speak in court. Even if this were not so, however, the court called upon both defendant and his attorney prior to the testimony, as has been previously stated, specifically addressing each of them to allow for any input regarding sentencing. We find defendant's right to allocution was decidedly not violated.

*State v. Bloom*, No. 00-2074, 2002 WL 100476, at *2 (Iowa Ct. App. Jan. 28, 2002); *see also State v. Garlick*, No. 07-1507, 2008 WL 1885762, at *3-4 (Iowa Ct. App. Apr. 30, 2008) (holding the court's inquiry—"Does the defendant have any statement to make at this point in time?"—was sufficient to comply with rule even though Garlick's attorney rather than Garlick responded).

We conclude the district court substantially complied with rule 2.23(3)(d). Accordingly, we affirm Bush's sentence.

**AFFIRMED.**