# IN THE COURT OF APPEALS OF IOWA

No. 16-1611
Filed July 19, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BRYCE LAMONT MEEKS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

Bryce Meeks appeals his sentence following his guilty plea to driving while barred as a habitual offender. He claims the district court erred in failing to provide a verbatim record of his sentencing hearing, constituting a procedural defect. **AFFIRMED.**

David W. Hosack of Roberts, Stevens & Prendergast, PLLC, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Bryce Meeks appeals his sentence following his guilty plea to driving while barred as a habitual offender. He claims the district court erred in either failing to provide for a verbatim record of his sentencing hearing or failing to state whether or not he waived such a record. He contends this constituted a procedural defect requiring vacation of his sentence and remand for resentencing. Finding his argument to be without merit, we affirm.

The State charged Meeks by trial information with driving while barred as a habitual offender, in violation of Iowa Code section 321.561 (2016), an aggravated misdemeanor. Meeks filed a written guilty plea to the charge. Less than an hour later, he filed another written guilty plea, nearly identical to the first, the only difference being that on the second plea form Meeks checked the box accompanying the statement: "I waive my right to have a verbatim record of these proceedings." Meeks and his attorney appeared before the district court at the plea hearing. The court accepted his guilty plea and scheduled a sentencing hearing. The plea hearing was not reported.

Later, Meeks appeared with his attorney at the sentencing hearing. A presentence investigation report (PSI) was reviewed by the court, Meeks, his counsel, and the prosecutor. The court heard arguments from the prosecutor and counsel for Meeks. Meeks was given an opportunity to speak in mitigation of his sentence. The court adjudged Meeks guilty of driving while barred as a habitual offender, and upon consideration of the PSI, the facts of the case, and arguments from both parties, the court sentenced Meeks to a term of

incarceration not to exceed two years and imposed a suspended $625 fine. Again, like the plea hearing, the sentencing hearing was not reported.

Meeks appealed. To create a record for appeal, Meeks filed a statement of proceedings pursuant to Iowa Rule of Appellate Procedure 6.806.[1] The prosecutor and the court also filed rule 6.806 statements. On appeal, Meeks contends "[t]he district court erred in either failing to provide Meeks a record at sentencing or failing to state whether or not he waived such a record."

"Our review of sentencing procedures is for an abuse of discretion. Such abuse will only be found if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997) (citing *State v. Millsap*, 547 N.W.2d 8, 10 (Iowa Ct. App. 1996)).

Meeks does not argue a verbatim record cannot be waived by a defendant in a serious or aggravated misdemeanor case. Indeed, a defendant may waive the verbatim record requirement set forth Iowa Rule of Criminal Procedure 2.8(3).[2] *See, e.g., State v. Mann*, No. 15-0696, 2016 WL 3269705, at *2, n.3 (Iowa Ct. App. June 15, 2016); *State v. Ross*, No. 13-0686, 2014 WL 3928878, at *2 (Iowa Ct. App. Aug. 13, 2014); *State v. Ware*, No. 13-0465, 2014 WL 1245330, at *3 (Iowa Ct. App. Mar. 26, 2014); *State v. Carr*, No. 12-2164, 2014 WL 667686, at *1 (Iowa Ct. App. Feb. 19, 2014). When a defendant presents the court a written guilty plea expressly waiving the verbatim record, the court's

---

[1] Iowa R. App. P. 6.806(1) allows a party to file a statement of proceedings "to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal."
[2] Iowa R. Crim. P. 2.8(3) provides, "A verbatim record of the proceedings at which the defendant enters a plea shall be made."

acceptance of that plea constitutes acceptance of the waiver. *See Ross*, 2014 WL 3928878, at *2. Neither the plea hearing nor the sentencing hearing is reported if the verbatim record is waived. *See Ware*, 2014 WL 1245330, at *1, *3 ("I waive my right to have a verbatim record of these proceedings" on the signed guilty plea waived a verbatim record of the plea and sentencing proceedings); *Carr*, 2014 WL 667686, at *1 (stating neither the plea hearing nor the sentencing hearing were reported because the defendant waived his right to a verbatim record in writing).

Meeks asserts it is "unclear" whether he waived his right to a formal record at sentencing. We disagree. The plea form provides information regarding not only the guilty plea itself; it also provides information regarding the penalties that could be imposed upon sentencing. The plea form also states, "I understand I have the right to allocution, which means I have the right to speak to the Judge regarding punishment/sentencing." Meeks lined out the waiver to his right to allocution. Allocution is a part of the sentencing proceeding. Meeks also lined out the waiver to the preparation of a PSI. A PSI is utilized at the sentencing proceeding. Meeks then checked the box next to the statement, "I waive my right to have a verbatim record of these proceedings." In view of the fact that the plea form covers both the plea and the sentencing, the words "these proceedings" necessarily refer to both the plea and sentencing proceedings. We therefore conclude Meeks not only expressly waived his right to a verbatim record to the

guilty plea hearing, but also to his sentencing hearing.[3]  Furthermore, the district court did not err by failing to state on record Meeks waived the right to a verbatim record.  Its acceptance of his guilty plea constituted acceptance of the waiver. *See Ross*, 2014 WL 3928878, at *2.

We find no procedural defect in Meeks's sentencing procedure, nor do we find either error or abuse of discretion on the part of the district court in the sentencing procedure.  Consequently, we affirm Meeks's sentence.

**AFFIRMED.**

---

[3] Although not dispositive to our decision, we note that Meeks is no neophyte to the criminal justice system.  The PSI indicates his long criminal history dates back to 1997, and by our count, Meeks has ten prior convictions for driving while barred.