# IN THE COURT OF APPEALS OF IOWA

No. 16-0249
Filed February 7, 2018

**THOMAS G. RUTHERS JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Mahaska County, Myron L. Gookin, Judge.

        Thomas Ruthers Jr. appeals his conviction for assault causing bodily injury.  **AFFIRMED.**

        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

        Heard by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Thomas Ruthers Jr. appeals his conviction for assault causing bodily injury. We find neither trial nor appellate counsel were ineffective. We also find Ruthers cannot challenge whether the plea was proper at this stage in the proceedings. Finally, we find the postconviction court did not abuse its discretion by refusing to take additional evidence after the record was closed. We affirm.

## I. Background Facts and Proceedings

Thomas Ruthers Jr. has a long history of molesting children. In 2007 he was accused of molesting R.S., an eight year old, in Mahaska County. Ruthers was charged with sexual abuse in the second degree in violation of Iowa Code sections 709.01 and 709.3(2) (2006). The charged was enhanced due to a prior conviction of sexual abuse in the first degree in West Virginia. The minutes of evidence showed R.S. would testify that prior to the molestation, Ruthers "threw him on the bed" and R.S. "hit his head on the board and had a bump."

Ruthers's primary defense attorney, Kenneth Duker, sought advice from the state public defender on how to structure a plea bargain to avoid Ruthers's commitment as a sexually violent predator. Duker was informed that even a nonsexual offense was grounds for commitment if the offense was sexually motivated.

The State offered Ruthers a plea to assault with intent to commit sexual abuse. Ruthers stated he would not plead to any offense that was sexual in nature. The State eventually offered a plea to assault causing bodily injury, which the State understood to be factually supported by Ruthers throwing R.S.

onto the bed.  Ruthers agreed, and on March 19 filed a written guilty plea.  On the written plea, Ruthers and his counsel purposefully replaced R.S.'s full name with B.S.'s, the child's mother.  The factual basis for the guilty plea was stated as: "I did assault [B.S] and in doing so caused a bodily injury."  Ruthers also handwrote: "sex abuse 2nd degree to be dismissed with prejudice."  Neither the State nor the district court read the written plea closely enough to notice the substitution.  Ruthers's guilty plea was accepted, and he was sentenced to one year in jail with credit for time served.

Earlier in the day, the State served Ruthers with a petition seeking to confine him as a sexually violent predator, pursuant to Iowa Code section 229A.  While pursuing the 229A action, the State discovered the substitution of names and filed a motion to set aside the written guilty plea, judgment, and sentence on March 22.  The State asked the matter be re-set for trial, and Ruthers resisted.  A hearing was held before the district court on March 26.  The district court denied the State's motion to set aside the guilty plea and instead informed the parties it would change the factual basis to the plea.  The written plea stipulated that the district court need not rely on the defendant's factual basis but could rely on the minutes of evidence instead.[1]

Ruthers filed a notice of appeal on April 18 and was assigned Dennis Hendrickson from the state appellate defender's office.  Ruthers asked Hendrickson to raise several specific issues, but Hendrickson refused.  Ruthers was informed he could write a pro se brief raising those issues himself, but he

---

[1] Ruthers is unable to challenge the district court's change in factual basis.  The proper forum for such a challenge was a direct appeal, which Ruthers ultimately voluntarily dismissed.

declined. Hendrickson then informed Ruthers that the outcome of a successful appeal would be returning to the trial stage of proceedings where he would potentially be facing life in prison. Ruthers voluntarily and in writing withdrew his appeal on April 19, 2013.

On November 10, 2014, Ruthers filed an application for postconviction relief. Trial was held August 12, 2015, and Ruthers represented himself. Ruthers subpoenaed his trial counsel, Duker, but he was released by Ruthers shortly before trial commenced. The district court summarized the basis for Ruthers's claims as, "[H]e pled guilty to a different crime than the crime on which judgment was entered." Ruthers alleged ineffective assistance of trial and appellate counsel and "numerous claims for relief." The postconviction court found Ruthers had no valid claim for postconviction relief. Ruthers now appeals.

## II. Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review." *Id*. Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed

deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

## III. Ineffective Assistance of Trial Counsel

Ruthers claims trial counsel was ineffective for failing to advise him of the plea's legality plea, failing to advise him of the plea's collateral consequences, and allowing him to plead guilty, when his plea was not supported by a factual basis. He further claims the ineffective assistance was so widespread it constitutes structural error.

### a. Lack of Factual Basis

"Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (citations omitted). When "evaluating whether a factual basis exists to support a guilty plea, we may examine 'the minutes of [evidence], statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report.'" *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013) (citations omitted). Additionally, our supreme court has held "[t]he defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element." *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) (citation omitted).

### b. Ineffective Assistance

In order to prove prejudice resulting after a guilty plea, Ruthers is required to prove "but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, our supreme court has previously held conclusory claims that a defendant would have insisted on going to trial are insufficient. *See State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

In its ruling, the postconviction court made explicit and detailed credibility findings, stating:

> There is absolutely no support in the record for [Ruthers's claims] other than [his] testimony. The only person that could have confirmed such a change in the factual basis is Mr. Duker. Interestingly, [Ruthers] had subpoenaed Mr. Duker as a witness on his behalf at trial but at the last minute, as trial commenced, informed the court he was releasing Mr. Duker from the subpoena and Mr. Duker was allowed to leave the courthouse.
> . . . .
> The Court has considered all of the evidence and given it such weight as it deems appropriate considering the nature, credibility and extent of such evidence. The Court has also carefully observed the witnesses at trial and factored such observations into assessing the credibility of each witness and the weight to be given to their testimony. On the record made, and in consideration of the above credibility factors, the Court finds the [Ruthers's] version of factual matters in dispute to be generally unbelievable and unworthy of credible consideration.

The only evidence Ruthers is able to provide to indicate he would have pursued a trial is his own conclusory statement. His decisions throughout the life of the case and his direct appeal indicate trial was not an option he wished to pursue. He was offered and accepted a plea, resisted the State's motion to return the case to the trial stage, and voluntarily dismissed his direct appeal when he was informed by counsel it would, at best, return him to trial to face life in prison. The alternative to a plea was facing trial against strong evidence with the possibility of a life sentence without parole.

In light of the credibility findings of the postconviction court, the lack of evidentiary support for Ruthers's claims, and his decisions throughout the trial process, we find Ruthers is unable to prove prejudice.

### c. Structural Error

Ruthers also claims trial counsel's performance and advice were so ineffective it qualifies as structural error. "We have recognized structural error occurs when . . . surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants." *State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (citing *United States v. Cronic*, 466 U.S.648, 659 (1984)). Ruthers again claims trial counsel's representation was ineffective for the reasons stated above. The structural-error claim also alleges trial counsel's representation was unethical and should therefore be presumed ineffective. However, even if counsel's representation was unethical, a "breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside*, 475 U.S. 157, 165 (1986).

Ruthers rests the claim of structural error on the argument, "The prejudice of [trial counsel's] actions is clear. His actions caused the State to seek to vacate the plea and go to trial on the original charge." We disagree. The prejudice of these actions is anything but clear. Through the deliberate substitution of victims, Ruthers had an opportunity to escape further punishment, although the plea was to a charge for which there was no factual basis. Ruthers claims trial counsel's actions caused the State to seek to vacate the plea and pursue trial,

however, the State was not successful. The zealous, yet somewhat questionable, actions based on this record belie Ruthers's claims of ineffective assistance. We find there was no structural error.

We must also address Ruthers's actions of adding to the written plea that the more serious charge would be dismissed with prejudice. This action shows us Ruthers's actions are not a result of seeking justice for himself but are acts committing a fraud upon the court.

## IV. Ineffective Assistance of Appellate Counsel

Ruthers further claims appellate counsel was ineffective by refusing to raise issues Ruthers suggested. "Strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Our supreme court has previously found "it is a tactical blunder, often devastating to an appellant, to assign every conceivable complaint. Highly competent appellate lawyers generally assign only the strongest points and rely on them for reversal." *Cuevas v. State*, 415 N.W.2d 630, 633 (Iowa 1987). Additionally, Ruthers was informed he was free to submit a pro se brief in his direct appeal, as he has in this appeal, but he refused. We find appellate counsel was effective.

## V. Unraised Appellate Issues in the Postconviction Court

The postconviction court stated "the only possible basis for postconviction relief is ineffective assistance of counsel" as Ruthers voluntarily dismissed his direct appeal. Ruthers claims the postconviction court was required to review the

arguments appellate counsel refused to include in his brief and determine if those arguments had merit. He further claims, if those arguments had merit, appellate counsel's refusal to bring those claims indicates ineffective assistance. Appellate counsel was exercising professional discretion appropriately in selecting claims to pursue on appeal. *See Cuevas*, 415 N.W.2d at 633. Appellate counsel was not ineffective.

### VI. Pro Se Claims

Ruthers submitted a separate pro se brief alleging several additional claims. The claims alleged are all reviewed under an abuse of discretion standard. "No abuse of discretion will be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Millsap*, 547 N.W.2d 8, 10 (Iowa Ct. App. 1996) (citing *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995)).

### a. Chapter 229A Proceeding

Ruthers claims he was not presently confined at the time of the adjudication and had not committed a recent overt act, and, therefore, the district court erred in allowing his commitment. We find Ruthers must raise this claim in a 229A proceeding, which is a separate action not the subject of this appeal.

### b. Improper Plea

Ruthers's next claims the postconviction court abused its discretion by finding the trial court accepted the guilty plea based on R.S. being the victim. Because Ruthers dismissed his direct appeal, we are unable to review the trial court's change of the factual basis. Ruthers may not now attempt to relitigate

this issue. Ruthers also claims the postconviction court abused its discretion by failing to find the plea, as written, was enforceable. Again, Ruthers is unable to raise this issue. Ruthers's direct appeal was the proper opportunity to challenge the enforceability of the written plea.

Additionally, Ruthers claims the postconviction court abused its discretion by ruling his "outcome was the same whether the factual basis of the crime named R.S. or B.S. as the victim." Assuming this is an attempt to show there was a reasonable probability he would have faced trial rather than enter a guilty plea, the only reading to allow this claim to be reviewed, requires us to find the postconviction court did not abuse its discretion. The court correctly stated, "the Applicant got what he wanted: a serious misdemeanor conviction; a one-year jail sentence with full time served; and no risk of facing trial on a class "B" felony with sentencing enhancements." A self-serving, conclusory statement he desired to stand trial is not enough to show prejudice. *See Myers*, 653 N.W.2d at 579.

### c. Additional Evidence

Finally, Ruthers claims the district court abused its discretion by refusing to allow him to submit evidence after the close of the record. The State claims Ruthers did not preserve error on this issue as he did not request the postconviction court reopen the record to receive evidence. In order to preserve an issue for appellate review, it must first be raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Ruthers did not request the postconviction court reopen the record to accept the evidence, and therefore, error was not preserved as the court did not have the opportunity to rule on the

issue. Ruthers is not entitled to deferential treatment simply because he is a pro se litigant. *See Kubik v. Burk*, 540 N.W. 60, 63 (Iowa Ct. App. 1995) (rejecting the pro se litigant's argument his failure to comply with statutory requirements should be excused as he was untrained in the law). The law holds attorneys and lay persons to the same standard. *Id.* We affirm.

**AFFIRMED.**