# IN THE COURT OF APPEALS OF IOWA

No. 24-1833
Filed September 4, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KAZIUS JA RE CHILDRESS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

A defendant appeals his sentence for second-degree murder. **AFFIRMED.**

Des C. Leehey, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

Kazius Childress appeals his fifty-year prison sentence imposed after pleading guilty to second-degree murder. He argues that the district court deprived him of his right of allocution under Iowa Rule of Criminal Procedure 2.23(2)(d)(3). But at sentencing, the court asked Childress whether he wanted to make a statement of allocution, and his attorney declined on his behalf. We thus affirm.

Under rule 2.23(2)(d)(3), "Before imposing sentence, the court shall . . . [a]ddress the defendant personally in order to permit the defendant to make a statement or present any information to mitigate the defendant's sentence." Iowa R. Crim. P. 2.23(2)(d)(3). "In affording the defendant the right of allocution, the district court need not utter any particular words or phrases. . . . The important thing is whether the defendant is given *an opportunity* to volunteer any information helpful to the defendant's cause." *State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022) (cleaned up).

Near the end of Childress's sentencing hearing, the district court was about to impose its sentence when Childress's attorney interrupted, and the following exchange took place:

> CHILDRESS'S ATTORNEY: Your Honor, I don't believe Mr. Childress wants to say anything, but—
> THE COURT: Oh, I'm sorry. I should have covered that first. I apologize. Did Mr. Childress want to make a statement of allocution?
> CHILDRESS'S ATTORNEY: No, Your Honor. Thank you.

The court then went on to explain and impose its sentence. Childress was present personally before the court for the entire sentencing hearing. And earlier in the hearing, his two attorneys provided extensive argument to the court on his behalf—

one of whom also explained that "Childress has been advised not to make any statements during the course of these matters."

The district court complied with rule 2.23(2)(d)(3) here. The court had been informed that Childress would not be speaking and still offered him the chance to make a statement. And through his attorney, Childress declined to personally make a statement on his own behalf. What's more, his attorneys still presented much other additional information to mitigate his sentence, as he was entitled under rule 2.23(2)(d)(3).

In arguing otherwise, Childress relies on *State v. Milsap*, 547 N.W.2d 8 (Iowa Ct. App. 1996). There, we held that a defendant was deprived his right of allocution when the court's only question to the defendant was "Mr. Millsap, are you ready to be sentenced at this time?," and the court then proceeded to impose sentence without any verbal response from the defendant or his attorney reported in the record. *Id.* at 9–10. We explained that "the court's single interrogative at the commencement of the sentencing hearing" did not provide the defendant "an opportunity to speak to the court concerning the punishment to be imposed." *Id.* at 10. And we reasoned that "[t]he question did not invite [the defendant] to address the court" and "the surrounding circumstances" did not show that the defendant "understood the court was giving him the opportunity" when the defendant "made no verbal response to the question" and the transcript did "not suggest any process of engagement between" the defendant and the court. *Id.*

This case is not like *Milsap*. Here, the district court expressly offered the chance to make a statement of allocution. Childress gave a response through his attorney declining that opportunity. And nothing in *Milsap* or the text of

rule 2.23(2)(d)(3) requires that Childress himself decline rather than speaking through his attorney.

Because the district court did not deprive Childress of his right of allocution under rule 2.23(2)(d)(3), we affirm his sentence.

**AFFIRMED.**